## No. 6615.

### JOHN UNTEREINER VS. WILLIAM MILLER ET AL.

When the judgment does not condemn the defendant to pay a certain sum, or do a certain act, the bond for a suspensive appeal must be fixed by the judge, and need only cover costs. An appeal by motion in open court can only be taken pending the term of court, during which the judgment was rendered.

The delay for taking a suspensive appeal can not be extended by agreement of counsel.

This court is absolutely without jurisdiction of any appeal, taken after the legal delay for an appeal has expired.

APPEAL from the Fourth District Court, parish of Orleans. *Lynch,* J.

*Bréaux, Fenner & Hall,* for plaintiff and appellee.

*Hudson & Fearn,* for defendant, Haller.

### ON MOTION TO DISMISS.

The opinion of the court was delivered by

MARR, J. Untereiner recovered judgment against Miller for nine hundred dollars. Finding no property to satisfy this judgment, he brought suit against Miller and Haller, a revocatory action, to have annulled as fraudulent and simulated a sale made by Miller to Haller of certain real property.

Haller did not answer, and judgment by default was taken against him, and confirmed and signed on the fifteenth of January, 1876, declaring the sale fraudulent and simulated, and of no effect against third persons and

creditors of Miller. Notice of this judgment was served on Haller on the twenty-first of January, and on the first of February the delay for a suspensive appeal from this judgment was extended by agreement of counsel until the expiration of the time for a suspensive appeal from the judgment to be rendered between the plaintiff and the other defendant, Miller.

Citation was served on Miller on the twenty-seventh of November and on Haller on the third of December, and Miller answered on the twentieth of December, 1875. The case was tried as to Miller, and final judgment rendered against him, signed on the thirtieth of January,. 1877, declaring the sale to be fraudulent and simulated, and decreeing the property to be subject to seizure and sale to satisfy Untereiner's debt. Both defendants were represented by the same counsel. No appeal was taken from the judgment against Miller, but on the second of February, 1877, Haller moved for and obtained a suspensive appeal from the judgment against him signed on the fifteenth of January, 1876, on his giving bond in the sum of two hundred and fifty dollars, the amount fixed by the court. Untereiner moves to dismiss the appeal, so far as it is suspensive, on the ground that the bond is not sufficient in amount.

The judgment against Haller does not condemn him to do any thing or to pay any thing, and the only bond which could be required of him was one for such sum as might be fixed by the court, sufficient to cover the costs of the appeal. Code of Practice, articles 573 to 577, inclusive.

An appeal can be taken by motion only during the term at which the judgment is rendered. The term at which the judgment was rendered commenced first Monday in November, 1875, and ended third of July, 1876, and the appeal was taken at the succeeding term, which commenced the first Monday in November, 1876, and will end third of July, 1877. The party who desires to appeal, after the expiration of the term at which the judgment was rendered must file a petition praying for an appeal, and cause the appellee to be cited.

"No appeal will lie, except as regards minors, after a year has expired, to be computed from the day on which the final judgment was rendered, if the party claiming the same reside in the State, and after two years, if he be absent therefrom." C. P. article 593.

This law is imperative, and it can not be abrogated by the agreement of counsel to extend the delay for the taking of a suspensive appeal. No consent of parties can give this court jurisdiction or enlarge its powers. If, in any given case, "no appeal will lie," whether because of the amount in dispute, or because the time limited for an appeal has expired, the appellate court has no jurisdiction, and every court is bound, ex officio, to take notice of the want of jurisdiction patent on the face of the record,

although the parties may be willing and may consent not to raise the question.

The bond being for the amount fixed by the judge is sufficient. Possibly the informality of an appeal by motion at the term succeeding that at which the judgment was rendered would be cured by the voluntary appearance of the appellee for any other purpose than to move for the dismissal on that ground, but as the right of appeal had ceased, become extinct, by the expiration of one year, this court is without jurisdiction, and must so decide without motion to that effect.

It is therefore ordered, adjudged, and decreed that the appeal herein taken be dismissed at the costs of appellant.