The opinion of the court was delivered by
Nicholls, C. J.
The suspensive appeal taken in the justice’s eourt was returnable at the next regular session of the District Oourt. The bond required for the appeal was given and the transcript filed in due time. The filing of a transcript does not have the effect of cutting absolutely from an appellant the *1566 right of requiring that a new citation should be made upon the appellee, if that made was made' defective in any way, or that a citation should be made to issue if the transcript had been filed prior to any citation whatever. We need not examine this case nor discuss the question as to the particular period when such right would be cut off, nor the circumstances under which an appeal could be rightfully dismissed for want of citation or defective citation. The 'right of correction would certaiuly extend, at the least, up to the return day and matters took such a shape in this case before that day arrived as, in our opinion, to withdraw from the appellee the legal power to urge a want of citation. Before the day fixed for the regular law term of the District Court arrived, a special term of that court opened. The transcript in the case of Gary vs. Broussard was already docketed, the transcript having been filed the day before. On the morning of the opening of the special term the counsel of appellant and appellee signed and caused to be filed an argument that the cause should be “ tried” at that special term. The filing of the transcript and the docketing of the case did not have as a result the advancing of the return day, nor as a giving of rights and privileges to the appellee to which he would only have been entitled after the return day had been reached. The case though docketed was not before the court to the extent of [enabling the appellee to file and have passed upon prematurely, exceptions, motions or issues further than this should be done by consent. Unless by consent appellee would be forced to bide his time until the return day had been reached and all legal delays had expired. The parties, if they thought proper, could by agreement among themselves within legal limits control the • case, and such agreements would and should be given effect to by the appellate court, but precisely as made. We are of the opinion that when appellee consented to “ try ” the case at the special term he was bound by his agreement and that he could not, under an agreement to “ try,” seek to dismiss the case before a hearing on the merits. The agreement did not evidence a consent on the part of the appellant that the cause should be merely docketed. It had already been docketed by the clerk, and appellant’s consent thereto was not needed nor called for. Appellee’s consent to “try” the case at the special term which was then on the docket was inconsistent with an attempt on his part to have the appeal dismissed. Had *1567 appellee on the 20th of August caused the case to be fixed'for trial such action would have barred a subsequent motion on his part to dismiss the appeal. (Creevy vs. Breedlove, 12 An. 745; White vs. Maguire, 16 An. 338.) A direct agreement: to try the case at the special term would certainly not be less operative in bringing about a similar result. When the parties gave their mutual consent to the trial of the case, neither could, thereafter, of right, recede therefrom. Each acquired rights which the other was bound to respect. Ordinarily a party can not object later to a ,matter to which he has once consented. The consent by appellee to try the case was a waiver or relinquishment of any right which he might have otherwise had to object to the citation in the case. He was, on the face of the record, estopped from making the motion he did, and the court legally should have refused to entertain it. In doing otherwise and dismissing the appeal its action was illegal and injurious. The jurisdiction of the District Court having vested should have been retained. The case not being appeal-able to this court relator was authorized to call upon us for relief under our supervisory powers — he otherwise being without means of redress for the enforcement of a clear legal right.
We see no inconsistency in relator’s acknowledging that the citation which issued in the ease was defective, and his insisting upon rights acquired by him through waiver of such defects.
For the reasons herein assigned, it is ordered that the judgment of the Nineteenth Judicial District Court, dismissing relator’s appeal, be and it is hereby declared null and void and of no effect, and the cause is hereby reinstated on the docket and ordered to be proceeded with according tp law.