The opinion of the court was delivered by
Breaux, J.
An information was filed in December, 1896, against Edward O’Rourke, charging him in one count with shooting with intent to murder, and in another count with inflicting a wound less than mayhem.
The accused furnished bond for his appearance on the 14th day of December, 1896. The appellant signed as surety.
On the 23d of December, 1896, the accused was arraigned, pleaded not guilty, and was discharged on the bond he had already furnished. His case was fixed for trial on the 21st day of January, 1897; failing to appear on that day, the prosecuting officer moved for the forfeiture of the bond. After he had offered in evidence the bond and other documents the court ordered judgment to be entered against him for the amount of the bond.
, The surety on that day was duly notified of the forfeiture of the bond-.
Motion was made for a devolutive appeal from this judgment on *1569 the 14th day of May, 1897, and on the next day an appeal was granted.
The Attorney General, alleging that the judgment of forfeiture was rendered on the 21st day of January, 1897, and that the appeal from the judgment was taken on May 14, 1897, moves to dismiss the appeal on the ground that appeals from judgments of forfeiture of bonds in criminal cases must be taken in ten days.
The foregoing is a statement of the case.
The appellant sought to avail himself of the delays within which one may take a devolutive appeal. The forfeiture of a bond in a criminal case has always been regarded as a criminal proceeding.
The following has a direct bearing upon the point and we therefore quote liberally from the text:
As in the ease before us a notice was issued by the clerk stating that, on a certain day, the party to the appearance bond was called, but failed to appear.
“After this notice of the judgment there were various means and reasons, specified in the first and second sections of the act, for which it might be set aside, on application within ten days, and if the party was not possessed of any of these means of relief, or did not resort to them, it has been understood, especially since the allowance of appeals in criminal cases, that he might seek relief within those ten days by a suspensive appeal.” State vs. Cassidy, 7 An. 276.
The following is taken from the syllabus in State vs. Williams, 37 An. 200:
“The forfeiture of an appearance bond is a proceeding in a criminal case, and the appeal from the judgment of forfeiture is not to be tested by the rule applicable to civil action.”
In State vs. Burns, 38 An. 363, the appeal was from the judgment of forfeiture rendered by the District Court in one of the parishes. It was within the requirement of Act 30, 1878, that motion for appeals in criminal cases be filed in the courts other than those of the First Judicial District during the term at which sentence was imposed.
The court held the proceeding to forfeit is criminal in its character; and .applied the statute providing for appeals in criminal cases.
“The forfeiture of a bond by judgment has always been regarded as a criminal proceeding.” State vs. Toups, 44 An. 901.
An appeal in matter of the forfeiture of a bond must be taken, as *1570 relates to time, within the delay provided by statutes for appeals in' criminal cases.
In all criminal cases in which appeals are allowable in the courts of the first judicial district under the Constitution, the motion must' be filed “ within ten days after the sentence shall have been rendered.” Act 30 of 1878.
The forfeiture here is part of the proceedings of a criminal case.-
The statute provides that the appeal shall be taken within a deláy of ten days, and no provision was made for a devolutive appeal.
On the contrary, the statute reads: “ No appeal shall be granted’ in such cases ” after the time for an appeal, as stated, has elapsed.”'
We repeat that which we said in State vs. Alexander, 46 An. 550, if a devolutive appeal lies, that is if the surety on the bond has a right to a devolutive appeal, this court, in view of the amount involved, is without jurisdiction.
Jurisdiction has been entertained in such cases, when timely brought up on appeal, only because they were in character criminal. The offence charged was within the jurisdiction of this court; it was,, in consequence held, that questions regarding the bond and its forfeiture were within this court’s jurisdiction. State vs. Williams, 37 An. 200; State vs. Harrison, 38 An. 299; State vs. Burns, 38 An. 363; State vs. Balize, 38 An. 543; State vs. Hendricks, 38 An. 719; State vs. Cornig, 42 An. 410.
If any effect were given to the order of appeal, it would have to-be given to it as a devolutive appeal, a civil remedy.
It is manifest, the amount involved being less than $2000, de--volntive appeal does not lie.
We can not entertain jurisdiction; the appeal is dismissed.
Oh Application to Reinstate the Case.
In deference to the written request of the Attorney General, we-have reconsidered the points decided heretofore. The request was-prompted by a desire that the counsel for the defendant should be-heard, as- they had not presented their views orally to the court,owing to their misunderstanding in regard to a continuance that had; been granted. We did not discover when the case was reargued that there was error in our opinion.
With respect to the facts recited in our original opinion, we think *1571 that in addition to the record they are amply supported by defendant’s statement of his case.
We copy from the brief:
“ This is an appeal from the judgment forfeiting a bail bond.”
In argument throughout reasons were urged for its reversal.
Upon that state of facts we determined that it came within the grasp of the case of State vs. Alexander, 46 An. 551, and other decisions cited in the opinion, in deciding the cited case.
There are papers in the transcript which are not before us so that notice may be taken of them. The evidence is not contained in the' transcript. The court can not notice issues passed upon subsequent to the appeal. In these proceedings nothing could be done save to-dismiss the appeal, as it was dismissed.
We adhere to our original decision.