No. 14,211.

LOUIS VALLEE vs. COLUMBUS HUNSBERRY.

### SYLLABUS.

#### ON THE MOTION TO DISMISS THE APPEAL.

1. A motion to dismiss an appeal because of informality in, or absence of, an order of appeal must be filed within three days after the filing of the transcript in this court.

2. When the district court grants an appeal to the circuit court, on condition that a bond be filed for an amount fixed, it may vacate such an order, before

the filing of the bond and grant an appeal to this court if the same is applied for in time.

3. The granting of an appeal to a court which is without jurisdiction to hear the same does not divest the trial court of jurisdiction to grant an appeal to another tribunal to which such appeal properly lies.

4. Where an appeal is taken by motion in open court, at the same term at which the judgment is rendered, no citation of appeal is required.

5. Where a motion to dismiss an appeal is predicated upon several grounds, the last stated of which refers to want of citation, the latter will be considered waived.

### ON THE MERITS.

Where a party has removed from one parish to another, without making a formal declaration of intention, as provided by C. C. 42, he may be sued, within the year, at the option of the party claiming, in either parish. And the fact that his domicile, in the parish *ad quem,* is with his employer does not affect the question.

APPEAL from the Seventeenth Judicial District, Parish of Vermilion—*Gordy, Jr., J.*

*L. L. Bourges,* for Plaintiff, Appellee.

*Edward Simon,* for Defendant, Appellant.

### ON THE MOTION TO DISMISS THE APPEAL.

The opinion of the court was delivered by

MONROE, J. The transcript in this case was filed in this court November 8th, 1901; and upon February 21st of the present year, the defendant and appellee moved to dismiss the appeal upon the grounds: (1) That the transcript fails to show any order of appeal from the only final judgment "read and signed"; (2) that the district court had divested itself of jurisdiction by granting an appeal to the court of appeal and could not thereafter grant an appeal to this court; and, (3) that no notice of the appeal was served on the appellee, or his counsel.

As to the first ground; the motion comes too late. Webb vs. Keller, 39 Ann. 55. As to the second; the transcript shows that a judgment was rendered, September 12th, "maintaining the exception of want of jurisdiction, and dismissing the suit," and that, upon the same day, an appeal was granted to the court of appeal, conditioned upon the applicant's giving bond; that, upon the following day, no bond having

been filed in the meanwhile, on motion of the applicant's attorney, the order of the previous day was vacated, and an appeal was granted to this court. It is clear, under these circumstances, that the jurisdiction of the district court had not been devested. But, if the bond had been filed under the first order, the subsequent discovery that the appeal had been made returnable to a court having no jurisdiction would have entitled the applicant to an appeal to a competent tribunal, if applied for in time, the first order in such case being a nullity. McWilliams vs. Michel *et als.,* 43 Ann. 984.

As to the third ground set forth in the motion; the transcript shows that the appeal was taken by motion in open court. It also shows service of citation of appeal upon "W. P. Edwards, Esq., a member of the firm of Edwards & Green, attorneys for defendant, in person, in the town of Abbeville," and, whilst it does not appear from the transcript that Edwards and Green were the attorneys of record, and the fact is denied in the motion filed, neither does it appear that a citation was necessary. Beyond this, the motion to dismiss sets forth several grounds, the last of which relates to the want of notice, and it has been held that this amounts to a waiver of such notice. State vs. Montegut, 7 M. 448.

The motion to dismiss the appeal is, therefore, overruled.

## ON THE MERITS.

The petition alleges in substance that the defendant, by verbal contract, leased to the plaintiff a tract of land for one year at the stipulated price of $100.00; "that the agreement was, that, as soon as the said lessor could communicate with his God-son, so as to find out what buildings he could deliver to the lessee, this contract of lease was to be written by J. N. Green, Esq., and signed by lessor and lessee"; that said Green, by direction of defendant, drew up a contract, the terms of which were different from those agreed on, which plaintiff refused to sign, offering, at the same time, to sign a contract drawn in conformity to said agreement, but that this was refused by the defendant, and that plaintiff thereby sustained loss and damage, the details of which are set forth, in the sum of $2,500.00, for which he prays judgment.

Citation was served on the plaintiff, personally, in St. Martinsville, and he filed a plea to the jurisdiction of the court, on the ground that

Vallee vs. Hunsberry.

he had abandoned his domicile in the parish of Vermilion and reside1 in the parish of St. Martin.

Upon the trial of this exception, the defendant, who was examined at St. Martinsville, by commission, in April, 1901, testified that he lived in that town; that he was working as the servant of the Rev. Augustus Thebault and living on his premises, and had been so working and living, constantly, for six months; and that he had formerly lived in the parish of Vermilion but had left there, permanently, and with the intention never to return.

The Rev. A. Thebault, also examined by commission, corroborated the testimony of the defendant, to the effect that the latter was domiciled with, and working for, him, at his residence in St. Martinsville; that he had left the parish of Vermilion, permanently; and had directed the witness to sell his, defendant's, plantation, in Vermilion.

There is nothing in the record which in any manner suggests a doubt as to the verity of this testimony. It falls short, however, of showing that a year had elapsed, prior to the service of the citation, since the defendant had abandoned his domicile in the parish of Vermilion. On the contrary, considered in connection with some other evidence in the record, it is manifest that the year had not elapsed. Under these circumstances, and as it is not claimed that the defendant made any such declaration of intention as contemplated by C. C. 42, it was optional with the plaintiff to sue him in either parish. C. P. 167. Ausbacker & Co. vs. De Nevue, 45th Ann. 988. The fact that his domicile, in the parish of St. Martin, is at the residence of the reverend gentleman by whom he is employed in no manner affects the question. Some time after the plea to jurisdiction was filed, the defendant filed an exception to the effect that the citation was defective, in not setting forth his domicile, and that it was served by the sheriff of the parish of St. Martin. This exception was not, however, passed on by the district court, has not been referred to here, and, therefore, requires no further notice.

For these reasons, it is ordered, adjudged and decreed, that the judgment appealed from be annulled, avoided, and reversed, and that this cause be remanded to be proceeded with according to law, the defendant to pay the costs of the appeal, and the costs of the district court to await final judgment.

Rehearing refused.