On Motion to Dismiss.
MONROE, C. J.
Plaintiff brought this suit under Act 101 of 1898 to confirm a tax title, and caused curator ad hoc to be appointed to represent A. Eerre, the former owner, or his heirs, upon the allegation that he was uninformed as to his place of residence, or whether he was living or dead, but believed that he was dead, leaving nonresident heirs. Thereafter Henry St. Gez and Miss Louise St. Gez appeared, and on March 26, 1913, filed an answer,-alleging themselves to be the sole heirs of the deceased owner, residents of Erance, and owners of the property in question, and praying that they be so decreed; and there was judgment as thus prayed for, on July 15, 1915, from which plaintiff has appealed. Defendants now move to dismiss the appeal on the grounds:
*799 That plaintiff had disposed of his interest in the property in dispute to Frederick Morrill, by notarial act of January 22, 1915, a copy of which they annex to their motion.
That no citation of appeal was ever issued or served on appellees.
That this court is without jurisdiction; the value in dispute not being shown by the pleading to exceed $2,000.
That the transcript is not properly indexed, and does not include all the documents filed; that the same does not comply with section 7 of rule 2 of this court.
[1, 2] 1. Defendants having litigated with plaintiff as a party having an interest until they obtained the judgment appealed from, cannot be heard to deny that interest in order to dismiss the appeal. State ex rel. Bellamore v. Rombotis, 120 La. 150, 45 South. 43. Moreover, as it appears from the deed annexed to the motion to dismiss that plaintiff sold the property with warranty of title, he has an appealable interest. Simon v. Richard, 42 La. Ann. 842, 8 South. 629.
[3] 2. B aving entered into an agreement as to the making up of the transcript, and having moved to dismiss the appeal on grounds other than want of citation, defendants have waived their right to complain of that want.
State v. Graham, 25 La. Ann. 433; Hefner v. Hesse, 26 La. Ann. 148; Vallee v. Hunsberry, 108 La. 136, 32 South. 359.
[4J 3. The petition for appeal contains the sworn allegation that the value of the property in dispute exceeds $2,000, and, from the act.of sale annexed to the motion to dismiss, it appears to have sold for $3,000. We think that sufficient to establish the jurisdiction. State v. Hebrew Congregation, 31 La. Ann. 205, 33 Am. Rep. 217; State v. Pitot, 21 La. Ann. 336.
[5] 4, The last ground is vaguely stated, and shows no fault on the part of the appellant.
The motion to dismiss is, therefore,
Overruled.