your interest in this property? A. Very little, if anything. * * *

"Q. Did either Thomas or Bullis, after you received the report of the cruiser, make you any offer for the purchase or sale of the timber prior to May 12th? A. Mr. Thomas told me that $325,000 would not get it, and wanted me to increase my offer. Outside of that there was no discussion of price. * * *

"Q. Did he ever make you a price? A. No; sir."

Hence our conclusion is: (1) That plaintiffs were not the first to interest Morgan in the lands which they had for sale; and (2) that plaintiffs were not negotiating with Morgan during the term of the contract (or even during the alleged extension thereof) in such manner as to interest him as a likely purchaser thereof, or beyond the mere fact of advising him that the land was for sale but could not be purchased for the price which he seemed willing to give for it.

It is our opinion that, when the contract was made, defendants had not in contemplation the payment of a commission for services no more valuable to them than the above.

Accordingly we see no merit in the claim now advanced; and the trial judge was correct in rejecting it.

### Decree.

The judgment appealed from is therefore affirmed.

---

, (110 So. 624)

No. 27646.

### LAFAYETTE et al. v. FARR et al.

(Oct. 5, 1926. Rehearing Denied Nov. 29, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Appeal and error ⬤⟿387(2)—Appeal will be dismissed, where bond was not filed within year after judgment, notwithstanding that appellees moved to have case advanced to summary docket before filing motion to dismiss.**

Appeal will be dismissed, where appeal bond was not filed within year after judgment, notwithstanding that petition was filed and order

granting devolutive appeal was issued within time, and that appellees moved to have case advanced to summary docket before filing motion to dismiss.

2. **Appeal and error ⬤⟿407(2)—Citation to answer appeal need not be served within time prescribed for taking appeal.**

It is not necessary that citation to answer appeal shall be served within time prescribed by law for taking appeal.

3. **Appeal and error ⬤⟿435—Appellee, by obtaining assignment of case for hearing on merits, generally waives objection to appeal.**

As general rule, when appellee asks for and obtains assignment of case for hearing on merits, he thereby waives any objection to appellant's right to prosecute appeal.

4. **Appeal and error ⬤⟿429—Warrantors, actual defendants, waived service of citation to answer appeal by joining in motion to advance case to summary docket.**

Warrantors, who were actual defendants in suit, *held* to waive service of citation to answer appeal by joining original defendants in motion to advance case to summary docket, thereby taking cognizance of appeal.

5. **Appeal and error ⬤⟿792—Appeal will be dismissed on court's own motion, where order of appeal is ineffective because no bond was timely filed.**

Where there is no order of appeal from court of original jurisdiction, appellate court has no jurisdiction over case and must dismiss appeal on its own motion, even though appellee waives personal objection to decision of case on merits, and order of appeal has no effect unless appeal bond is filed within time.

6. **Appeal and error ⬤⟿15—Order for both suspensive and devolutive appeal or for either in alternative does not order two appeals (Code Prac., arts. 575–578).**

When appellant obtains order for both suspensive and devolutive appeal, or for either in alternative, it does not mean that he has two appeals, but that if appeal should not stay execution it shall nevertheless afford appellant opportunity to reverse or amend judgment, in view of Code Prac. arts. 575–578.

---

Appeal from Eighteenth Judicial District Court, Parish of Pointe Coupee; Calvin K. Schwing, Judge.

Petitory action by James Lafayette and others against C. A. Farr and another. Judg-

ment for defendants, and plaintiffs appeal. On motion to dismiss. Appeal dismissed.

Charles J. Mundy, of Thibodaux, for appellants.

Miguel T. Hewes, of New Roads, for appellees.

O'NIELL, C. J. This is a petitory action, in which the plaintiffs have appealed from the judgment rejecting their demand. The appellees have moved to dismiss the appeal for the reason, first, that the warrantors of the defendant's title for the land in dispute, who are the real defendants in the suit, were not cited to answer the appeal; and, second, that the appeal bond was not filed within the year allowed for taking an appeal.

[1] The petition for appeal was filed two days before the expiration of the year after the judgment was signed; and, on the same day on which the petition was filed, the judge signed the order granting a devolutive appeal on condition that the plaintiffs should give bond for $200. A citation of appeal was served upon each of the defendants on the same day, that is to say, two days before the expiration of the year allowed for taking an appeal, but the citation was not served upon any of the warrantors. The appeal bond for $200, signed by a surety company as surety, and conditioned according to law, was filed on the forty-fifth day after the expiration of the year allowed for taking an appeal. No bond had been filed or tendered by the plaintiffs within the year. It appears therefore that, although the order of appeal was obtained in time, the appeal bond was not filed until the year in which the plaintiffs had the right to appeal had expired.

[2] The obtaining of an order of appeal within the time prescribed is not availing without the bond required by the order of appeal. It is not necessary that the citation to answer the appeal shall be served within the time prescribed by law for taking an appeal, but the order of appeal, being subject to the condition that the appellant shall furnish a bond for the amount either fixed in the order or required by law, remains in abeyance and without effect until the bond is filed. Therefore an appeal is not deemed taken within the time prescribed by law for taking an appeal unless the bond required by the order of appeal is filed within the time prescribed. Marigny v. Stanley, 2 La. 323; Barremore's Syndic v. Bradford's Heirs, 10 La. 150; Sibley v. Roman Catholic Congregation, 3 Rob. 77; City Bank v. Kent, 7 Rob. 60; Mayer v. Prudhomme, 1 La. Ann. 230; Gibson v. Selby, 2 La. Ann. 629; Brickell v. Conner, 10 La. Ann. 235; Hall v. Beggs, 17 La. Ann. 238; Mortee v. Edwards, 20 La. Ann. 236; Wood v. Calloway, 21 La. Ann. 481; Deslonde v. State National Bank, 27 La. Ann. 119; Bank of America v. Fortier, 27 La. Ann. 243; Edwards v. Marin, 28 La. Ann. 568; Boutte v. Boutte, 30 La. Ann. 177; Ulman & Co. v. Briggs, Payne & Co., 32 La. Ann. 655; Bowie v. Davis, 33 La. Ann. 347; Reed v. His Creditors, 37 La. Ann. 907; Upton v. Adeline Sugar Co., 109 La. 671, 33 So. 725.

The only doubt that the appeal in this case should be dismissed arises from the fact that, after the appellants had filed the transcript in this court and before the appellees filed their motion to dismiss the appeal, they filed a motion to have the case advanced to the summary docket and fixed for an early hearing, and on their motion the case was so fixed for hearing. Two months afterward, in their motion to dismiss the appeal, they averred that they had not discovered the facts or omissions on which they based their motion to dismiss until they undertook to write their brief, which was filed on the next day after the motion to dismiss was filed.

[3, 4] As a general rule, when an appellee asks for and obtains an assignment of the case for a hearing on its merits, he thereby waives any objection that he might have to

the appellant's right to prosecute the appeal. Creery v. Breedlove, 12 La. Ann. 745; White v. Maguire, 16 La. Ann. 337; Golden v. Board of Directors, 34 La. Ann. 354; State ex rel. Broussard v. Voorhies, Judge, 49 La. Ann. 1567, 22 So. 880; Saxon v. Southwestern Brick & Tile Mfg. Co., 113 La. 637, 37 So. 540; Lane v. Ferre, 147 La. 796, 86 So. 186. This rule applies particularly, to a motion to dismiss an appeal for want of citation. Creevy v. Breedlove, 12 La. Ann. 745; White v. Maguire, 16 La. Ann. 337; and State ex rel. Broussard v. Voorhies, Judge, 49 La. Ann. 1567, 22 So. 880. In that respect, it has been held that, if an appellee, moving to dismiss the appeal for want of citation, first urges some other ground for dismissing the appeal, he thereby waives the objection of want of citation. State ex rel. Nixon v. Graham, Auditor, 25 La. Ann. 433; Hefner v. Hesse, 26 La. Ann. 148; Vallee v. Hunsberry, 108 La. 136, 32 So. 359; Lane v. Ferre, 147 La. 796, 86 So. 186; Phillips v. Phillips, 160 La. 813, 107 So. 584. In this case, the warrantors, who were the actual defendants in the suit, joined with the original defendants in their motion to advance the case to the summary docket, and thereby took cognizance of the appeal, and, in effect, waived service of citation to answer the appeal.

The other objection, however, on which the appellees ask that the appeal be dismissed, is not subject to the general rule that, when an appellee appears in the appellate court and has the case fixed for a hearing on its merits, he thereby waives his right to ask that the appeal be dismissed. In the case of Untereiner v. Miller et al., 29 La. Ann. 435, Untereiner, having a judgment for $900 against Miller, brought a revocatory action against Miller and Hall to have a sale by Miller to Hall declared fraudulent and simulated. Hall did not answer the suit, and judgment was taken against him by default, declaring the sale fraudulent and simulated. It was agreed then between the attorneys representing the plaintiff and those representing both defendants that the delay for taking a suspensive appeal from the judgment against Hall should be extended until the expiration of the time within which a suspensive appeal might be taken from whatever judgment might be rendered against either Untereiner or Miller. Miller answered and resisted the suit, but judgment was finally rendered against him, again declaring the sale to Hall to be fraudulent and simulated. This judgment, against Miller, was not rendered until a year and a few days after the signing of the judgment by default against Hall. No appeal was taken from the judgment against Miller, but, within ten days after it was rendered, Hall obtained an order for a suspensive appeal from the judgment which had been rendered against him, more than a year before, and gave bond for the amount fixed in the order of appeal. Untereiner moved to dismiss the appeal, so far as it was a suspensive appeal, on the ground only that the bond was insufficient in amount. The court found that the bond was sufficient and that the motion to dismiss the appeal was therefore not well founded, but the court, of its own motion, and notwithstanding the agreement of counsel, dismissed the appeal for want of jurisdiction because the appeal was not taken within the year after the judgment appealed from had been signed. Quoting article 593 of the Code of Practice, declaring that "no appeal will lie" after a year has passed since the signing of the judgment, the court said:

"This law is imperative, and it cannot be abrogated by the agreement of counsel to extend the delay for the taking of a suspensive appeal. No consent of parties can give this court jurisdiction or enlarge its powers. If, in any given case, 'no appeal will lie,' whether because of the amount in dispute, or because the time limited for an appeal has expired, the appellate court has no jurisdiction, and every court is bound, ex officio, to take notice of the want of jurisdiction patent on the face of the record, although the

parties may be willing and may consent not to raise the question.

"The bond being for the amount fixed by the judge is sufficient. Possibly the informality of an appeal by motion at the term succeeding that at which the judgment was rendered would be cured by the voluntary appearance of the appellee for any other purpose than to move for the dismissal on that ground, but as the right of appeal had ceased, become extinct, by the expiration of one year, this court is without jurisdiction, and must so decide without motion to that effect."

It is not necessary in this case to extend the doctrine as far as it was extended in the opinion which we have quoted, because, in this case, the appellees did not intend to waive their right to have the appeal dismissed, and are not consenting that we exercise jurisdiction over the case. We have no doubt that the appellees were ignorant of the fact that the appeal had been taken too late when they filed their motion to have the case advanced to the summary docket. In Edenborn v. Kirkland, 136 La. 1020, 68 So. 111, where the appellee, not knowing that the transcript was not filed before the return day had expired, entered into a written agreement with the appellant looking to a final decision of the case on its merits, and afterwards, having discovered that the transcript was not filed in time, moved to dismiss the appeal, the court sustained the motion and dismissed the appeal, saying:

"An agreement of the parties after plaintiff's appeal had lapsed for failure to file his transcript in time, entered into in ignorance of such fact and when they thought the appeal still pending, and looking to a determination on the merits on appeal, was not a waiver of defendant's right to dismiss the appeal or a consent to its reinstatement, since 'waiver' is matter of consent, and one cannot be said to have consented to a thing of which he was ignorant, though consent or waiver might have cured the situation."

[5] As we have shown by reference to the numerous decisions to that effect, an order of appeal has no effect unless the appeal bond, required as a condition on which the order is granted, is filed within the time allowed by law for taking the appeal. Therefore the ruling in Untereiner v. Miller et al. is in accord with the settled jurisprudence that, if there is no order of appeal from the court of original jurisdiction, the appellate court has no jurisdiction over the case and must dismiss the appeal on the court's own motion, even if the appellee waives his personal objection to a decision of the case on its merits. Batchelor v. His Creditors, 20 La. Ann. 193; Moore v. Simms, 21 La. Ann. 649; Dupre v. Mouton, 23 La. Ann. 543; Higgins v. Haley, 28 La. Ann. 217; Gagneaux v. Desonier, 104 La. 652, 29 So. 282, expressly (overruling Temple v. Marshall & James, 11 La. Ann. 613, Walker v. Sauvinet, 27 La. Ann. 314, and Webb v. Keller, 39 La. Ann. 60, 1 So. 423); Edenborn v. Kirkland, 136 La. 1020, 68 So. 111 (expressly affirming Untereiner v. Miller et al., 29 La. Ann. 435, and the other decisions to the same effect); Sammons v. New Orleans Railway & Light Co., 143 La. 731, 79 So. 320, expressly affirming Gagneaux v. Desonier, 104 La. 652, 29 So. 282, and, in effect, overruling Vallee v. Hunsberry, 108 La. 136, 32 So. 359.

[6] The ruling in Untereiner v. Miller et al., 29 La. Ann. 435, was not at all contrary to the ruling in State ex rel. Pontchartrain R. Co. v. Judge, 27 La. Ann. 697, where it was held that an agreement between the parties to the suit to extend the time for taking a suspensive appeal beyond the ten days allowed by article 575 of the Code of Practice was a valid agreement, which the appellee could enforce. The agreement would have been invalid and not enforceable to that extent if it had purported to extend the right of appeal beyond the time allowed by law for taking an appeal. In effect, the agreement was merely a waiver of the appellee's right to execute the judgment pending the appeal, provided it should be taken within the 60 days stipulated in the agreement. The question as to whether an appeal shall be a sus-

pensive appeal or only a devolutive appeal is a matter which concerns only the parties to the suit. When an appellant obtains an order for both a suspensive and a devolutive appeal, or for either appeal in the alternative, it does not mean that he has two appeals, but merely expresses the intention that if, for any reason, the appeal should not stay execution of the judgment, it shall nevertheless afford the appellant an opportunity to reverse or amend the judgment. That is all that is said on the subject in the Code of Practice. Articles 575 to 578.

According to the ruling in Untereiner v. Miller et al., 29 La. Ann. 435, which is supported both by reason and by analogous decisions, we are obliged to dismiss this appeal.

The appeal is dismissed, at appellants' cost.