5 So.2d 144

## MOUNT OLIVE BAPTIST CHURCH v. NEW ZION BAPTIST CHURCH.

No. 35881.

Nov. 3, 1941.

Bentley G. Byrnes, of New Orleans, for appellant.

L. R. Hoover, of New Orleans, for appellee.

O'NIELL, Chief Justice.

The appellee has moved to dismiss this appeal on the ground that the appeal bond was not filed within the year after the judgment was signed. The appeal was asked for and granted before the year had expired, but the bond which was required by the order granting the appeal was not filed until several days after the year had expired. We are obliged therefore to dismiss the appeal. The time limit of one year, allowed by article 593 of the Code of Practice, for the taking of a devolutive appeal, is the limit of time in which the taking of the appeal must be completed by the filing of the appeal bond, in cases where a bond is required by law and by the order granting the appeal, as in this case. Marigny v. Stanley, 2 La. 322; Sibley v. Roman Catholic Church Congregation, 3 Rob. 77; City Bank v. Kent, 7 Rob. 60; Mayer v. Prudhomme, 1 La.Ann. 230; Brickell v. Conner, 10 La.Ann. 235; Hall v. Beggs, 17 La.Ann. 238; Wood v. Calloway, 21 La. Ann. 481; Higgins v. Haley, 28 La.Ann. 216, 217; Untereiner v. Miller, 29 La.Ann. 435; Ulman & Co. v. Briggs, Payne & Co., 32 La.Ann. 655; Reed v. His Creditors, 37 La.Ann. 907; People's Bank of Elton v. Arceneaux, 134 La. 292, 64 So. 116; Hyman v. Veith, 142 La. 933, 77 So. 854; Lafayette v. Farr, 162 La. 385, 110 So. 624; Succession of Dahm, 166 La. 774, 117 So. 826.

It was decided in Untereiner v. Miller, 29 La.Ann. 435, and affirmed in Lafayette v. Farr, 162 La. 385, 110 So. 624, that the declaration in article 593 of the Code of Practice, that "no appeal will lie

* * * after a year has expired", is so imperative that the appellate court has not jurisdiction over a case where the appeal bond was not filed within the year after the judgment was signed, and that the court therefore must dismiss the appeal on its own motion, in such a case, even though the parties to the suit have given their consent to the appellate court's deciding the case on its merits. A similar ruling was made in Higgins v. Haley, 28 La.Ann. 216. In the light of these decisions it is a matter of no importance that the attorney representing the appellee in the present case gave his consent in writing to an extension of the time allowed in the order of appeal for the appellant to file the record or transcript in this court.

The appeal is dismissed at appellant's cost.