PONDER, Justice.
 

 The appellee’moves to dismiss the appeal' in this casé on the grounds that he was-not served with a citation of the appeal and that the appeal bond was not timely filed.
 

 The trial court. sustained a plea to the-jurisdiction of the court ratione personae and gave judgment dismissing plaintiff’s-suit. The judgment was read and rendered on March 16, 1949 and signed on March-22, 1949. A motion for a devolutive appeal-was signed by the Civil District Judge on-March 13, 1950 and an appeal was granted.
 
 *246
 
 returnable to the Supreme Court on April .24, 1950. The bond was not filed until April 6, 1950, more than one year from the date of the signing of the judgment.
 

 No appeal will lie after a year has expired, to be computed from the day on which the final judgment was rendered. Article 593, Code of Practice.
 

 It is well settled that the time limit of one year for the taking of a devolutive appeal is a limit of time in which the taking of appeal must be completed by the filing of the appeal bond. Code of Practice, Article 593; Lafayette v. Farr, 162 La. 385, 110 So. 624; Mount Olive Baptist Church v. New Zion Baptist Church, 198 La. 896, 5 So.2d 144; Dickerson v. Hudson, 201 La. 915, 10 So.2d 700.
 

 For the reasons assigned, the appeal is dismissed at appellant’s cost.