77 So.2d 733

Lawrence O. RAMIZEST

v.

Lizzie Raftery RAMIZEST.

Lawrence RAMIZEST

v.

Lizzie RAFTERY, his wife.

No. 41998.

Jan. 10, 1955.

Mayer Sabludowsky, New Orleans, for plaintiff-appellee.

Gatlin & Murphy, New Orleans, for defendant-appellant.

HAWTHORNE, Justice.

By judgment dated June 1, 1954, the marriage of plaintiff-appellee Lawrence O. Ramizest and defendant-appellant Lizzie Raftery Ramizest was decreed to be null, void, and of no effect. On motion filed by defendant the lower court on June 2, 1954, granted her a suspensive appeal, but no bond was fixed by the court in the order of appeal. On July 6, 1954, plaintiff filed a motion in the lower court to have defendant's suspensive appeal dismissed on the ground that the order did not fix a bond for the appeal, and that defendant had not filed a bond within 10 days after the signing of the judgment. On July 9, 1954, the judge of the Civil District Court amended the suspensive appeal order and fixed the amount of the appeal bond at $50. This bond was filed by defendant on July 13, 1954.

In this court appellee has filed a motion to dismiss the suspensive appeal on the ground that the bond was not given within 10 days after the signing of the lower court judgment.

Article 575 of the Code of Practice provides that, if the trial court judgment is for a specific sum of money, the party cast may appeal from it suspensively by furnishing bond for a sum exceeding by one-half the amount for which the judgment was given, provided the bond be given within 10 days after the judgment has been signed, or in some cases 10 days after the party cast has received notice of the judgment. If the judgment appealed from is not a money judgment, however, only those provisions of Article 575 concerning the 10-day period are pertinent. Those provisions of the article which regulate the amount of the appeal bond are obviously inapplicable, and this court has held that it is the duty of the district court judge to fix the amount of the bond for a suspensive appeal in such cases. Blanchin v. Steamer Fashion, 10 La.Ann. 345; Layman v. Succession of Woulfe, 136 La. 767, 67 So. 823; Parks v. Hughes, 143 La. 1063, 79 So. 861; Watson v. Schmidt, 172 La. 761, 135 So. 232; Folse v. Dale, 194 La. 180, 193 So. 581. As the judgment in the instant case is one decreeing a marriage null and void, it is clear that Article 575 is only controlling with regard to the computation of time, and that the suspensive

appeal bond had necessarily to be fixed by the district court judge.

It is true that the trial judge in the case at bar amended his order on July 9 so as to fix the bond for the suspensive appeal. However, by July 9 it was already too late for appellant to perfect her appeal within the time allowed by Article 575, as the judgment appealed from was signed on June 1. Graziani v. Elder & Walters Equipment Co., Inc., 208 La. 80, 22 So.2d 841, 842. In that case we said:

"Under the provisions of Article 575 of the Code of Practice, the appeal must be perfected within ten days after the signing of the judgment in order to suspend its execution. In order to perfect the appeal, the bond *must be furnished* within that delay. Campbell v. F. Hollier & Sons, La. App., 4 So.2d 101, 576; Shepart v. Unity Industrial Life Ins. Co., La.App., 10 So.2d 400." (Italics ours.)

It is immaterial that the lower court designated the appeal in the instant case as suspensive. This court has held that the amount of the bond and the time within which this bond is filed determine the character of the appeal. Graziani v. Elder & Walters Equipment Co., Inc., supra. Moreover, although the bond in the instant case was not filed in time to suspend the lower court judgment, it was filed within the year. It is well settled that in such a case this court will not dismiss the appeal, but will sustain it as devolutive. Ibid.

Appellant contends that the suspensive appeal in the instant case should not be dismissed without giving her an opportunity to cure the defect under the provisions of R.S. 13:4433. The failure to give the bond timely in the instant case is not one of the curable informalities or irregularities contemplated in this statute, and thus it is without application here.

For the reasons assigned the appeal in the instant case is dismissed as suspensive but is maintained as devolutive.