AYRES, Judge.
From a judgment rendered against him on confirmation of a default, defendant has appealed. The appellees have moved to dismiss the appeal. The basis of this motion is that the appeal was prayed for by oral motion in open court at a term of court subsequent to that in which the judgment was rendered and signed, without the appellant having prayed for either the issuance or service of a citation of appeal.
The facts upon which the motion is predicated are conceded. The judgment áppealed was rendered and signed June 7, 1956. The •orders of appeal were prayed for, as aforesaid, by oral motion made in open court, September 14, 1956. The record discloses that July and August are the vacation months of the Fifth Judicial District Court, from which this appeal was taken. Therefore, the appeal was taken at a term subsequent to the term in which the judgment was rendered and signed. No citation of appeal was served.
It is a uniform rule, well established in the jurisprudence of this State, that the ■omission of an appellant to ask for citation of appeal and to have it served on the ap-pellee when the order has been granted on motion in open court at a different term from that during which the judgment was -rendered and signed is fatal to the appeal, which, in such instance, must be dismissed. Bass v. Lane, 169 La. 681, 125 So. 853; Jacobsen v. McGarry, 178 La. 79, 150 So. 838; Officer v. American Ins. Co., 182 La. 1054, 162 So. 771; Graves v. D’Artois, 210 La. 857, 28 So.2d 457; Bascle v. Perez, 224 La. 1014, 71 So.2d 551; Resweber v. Jacob, 229 La. 355, 86 So.2d 64; Bolton v. Mansfield Hardwood Lumber Co., La.App., 70 So.2d 228; Succession of Acker v. Zor, Inc., La.App., 80 So.2d 592.
Appellees’ motion to dismiss presents a jurisdictional question. Where orders of appeal are taken in the aforesaid manner, without the issuance or service of a citation of appeal on the appellee, the appellee is not before the court and the appellate court has no jurisdiction over him and no proceedings can be had on the appeal. Graves v. D’Artois, supra; Jacobsen v. McGarry, supra; Bascle v. Perez, supra.
It is urged by appellant, however, that the delayed and untimely filing of a motion on a rule for a new trial during the same term of court in which the judgment was signed, but which motion or rule was not disposed of, or tried, until the subsequent term, so forestalled or delayed the effect of the judgment until said motion or rule was acted upon in the subsequent term. Therefore, the taking of the appeal in such subsequent term was timely without compliance with the formality of the issuance and service of a citation of appeal. Under the facts of this case, we think the point made is untenable. The motion for a new trial was not filed until June 18, 1956, or until the 11th day following the signing of the judgment. Only three days are allowed following the signing of a judgment within which a motion for a new trial may be timely filed. Code of Practice Arts. 546, 558, 560.1. Therefore, the delay for filing the motion or rule for a new trial had expired. The judgment at the time had become final, subject only to a devolutive appeal, which might be perfected within a period of one year. It was not, therefore, within the authority or province of the trial court, as it correctly held, to set aside, alter or modify the judgment in any respect to the prejudice of the parties in whose favor it was rendered. The filing of a motion for a new trial after the delays provided therefor had no effect whatsoever, particularly upon the time or manner in which an appeal from the judgment rendered might be taken. A different situation would probably have resulted had the judgment been prematurely *378 signed and although a motion for a new tidal had been timely filed but not acted upon until a subsequent term of court.
Finally, appellant urges that the fact that appellees, who, through their attorney, were required by defendant’s counsel to draw jointly with him a statement of facts proved in the cause upon the confirmation of judgment a default entered against him, pursuant to the provisions of Code of Practice Arts. 602 and 603, was sufficient to dispense with a citation of appeal. In support of this contention, there are cited the cases of State ex rel. Nixon v. Graham, 25 La.Ann. 433 and Lafayette v. Farr, 162 La. 385, 110 So. 624. These authorities are without application to the facts established in the instant case. For instance, in the Graham case, the statement of facts signed by the appellee was recited “to facilitate the trial and to be used on the trial in the Supreme Court”, and apparently voluntarily entered into. To the contrary, the statement in the instant case was made pursuant to a statutory requirement but in which appellees specially reserved their rights to object to the taking of an appeal, as well as their rights to move for its dismissal, should an appeal be taken. In the Lafayette-Farr case, the appellees made an appearance in the appellate court and moved to advance the case to the summary docket. They, therefore, voluntarily appeared in the appellate court, after which they were before the court and subject to the jurisdiction thereof just as effectively as if they had been served with a citation of appeal.
No comparable situation exists here. Ap-pellees only appeared for the purpose of filing and urging the motion to dismiss the appeal. Moreover, in the Graham case, a rule for an appeal was timely filed and tried contradictorily with the appellee, and in the trial court the right to an appeal was denied. On appellant’s application, writs of mandamus and prohibition were issued by the Supreme Court, which, on trial, were made peremptory and the appeal ordered granted. It was there held that the order granting the appeal related back to the time the appeal was denied in the trial court during the term in which the judgment was rendered and, therefore, there was no necessity for the issuance or service of a citation of appeal.
Moreover, it has been held that if an appellee moves to dismiss an appeal for want of citation after first urging some other ground for the dismissal, he thereby waives the objection to the want of citation. State ex rel. Nixon v. Graham, supra; Hefner v. Hesse, 26 La.Ann. 148; Vallee v. Hunsberry, 108 La. 136, 32 So. 359; Lane v. Ferre, 147 La. 796, 86 So. 186; Phillips v. Phillips, 160 La. 813, 107 So. 584; Lafayette v. Farr, supra.
Appellees’ motion to dismiss is well founded because on motion for an appeal in open court at a subsequent term in which the judgment was signed, appellant prayed neither for the issuance nor service of a citation of appeal and none was issued or served. This omission was a substantive defect and not merely a technical one, one, however, for which the appeal must be denied.
For the reasons assigned, the motion is sustained and, accordingly, the appeal, is dismissed at appellant’s cost.
Appeal dismissed.