LANDRY, Judge.
This appeal is by defendant, General Truck Drivers, Warehousemen and Helpers Local Union No. 5 (Truck Drivers), and certain of its officers and members from a judgment of the trial court enjoining defendants from participating in the mass picketing of plaintiff’s terminal and engaging in certain acts of violence allegedly directed towards plaintiff, its officers, agents, employees and property. The record discloses the appeal was not timely taken and perfected within the delay provided in LSA-C.C.P. Article 3612, and therefore we dismiss same ex proprio motu for the reasons hereinafter set forth.
We note in the record a judgment of the trial court dated October 9, 1965, permanently enjoining appellants from the mass picketing of plaintiff’s operations in West Baton Rouge Parish and prohibiting appellants from engaging in acts of violence interfering with the peaceful progress of plaintiff’s operations in said parish. It also *161 appears that counsel for all parties waived, service of notice of this permanent injunction.
Also appearing in the record is a judgment dated December 30, 1965, rendered pursuant to plaintiff’s supplemental and amending petition which sought to enjoin defendants from picketing in any manner whatsoever. This latter judgment preliminarily enjoins defendants from picketing in any manner whatsoever. In addition, it dismissed appellants’ motion to dissolve a temporary restraining order issued October 22, 1965, and overruled appellants’ exceptions of res judicata, no cause of action and no right of action.
On January 3, 1966, appellants’ attorney moved for and was granted a devolutive appeal returnable to this Court on February 15, 1966, upon appellants furnishing bond in the sum of $1,000.00. The bond ordered by the trial court was filed with the Clerk of said tribunal on February 14, 1966.
Although the briefs filed herein by both appellants and appellee allude to the preliminary injunction read, rendered and signed December 29, 1965, it is not entirely clear from their content whether appellants’ aim was to appeal the permanent injunction granted October 9, 1965, or the preliminary injunction rendered December 30, 1965, or both. Neither the minutes of the trial court, the bond, nor the prayer for relief in appellants’ brief indicate with certainty the judgment by which appellant claims to have been aggrieved. However, the tenor of the briefs and' oral argument before this Court inclines us to conclude the appeal is from the judgment rendered December 29, 1965 granting the preliminary injunction requested in plaintiff’s supplemental petition.
It is now the firmly established jurisprudence of this state that failure to perfect an appeal by timely filing the appeal bond strikes at the jurisdictional heart of the appeal and the appellate court acquires no jurisdiction of an appeal unless the bond is filed within the time prescribed by law. In Orrell v. Southern Farm Bureau Casualty Ins. Co., 248 La. 576, 180 So.2d 710, the Supreme Court stated the applicable rule thusly:
“In Lafayette v. Farr, supra [162 La. 385, 110 So. 624], this Court undertook a review of the prior jurisprudence and held that the failure to perfect an appeal by the filing of the appeal bond was jurisdictional and could be raised at any time, either by the appellee or by the court, ex proprio motu. There, Chief Justice O’Niell observed:
‘As we have shown by reference to the numerous decisions to that effect, an order of appeal has no effect unless the appeal bond, required as a condition on which the order is granted, is filed within the time allowed by law for taking the appeal. Therefore the ruling in Untereiner v. Miller et al. [29 La.Ann. 435] is in accord with the settled jurisprudence that, if there is no order of appeal from the court of original jurisdiction, the appellate court has no jurisdiction over the case and must dismiss the appeal on the court’s own motion, even if the appellee waives his personal objection to a decision of the case on its merits. * * * ’ Citation of authorities omitted.
The jurisprudence of this Court, as reaffirmed in the later cases, namely, Arnold v. Arnold [217 La. 362, 46 So.2d 298] and Thompson v. Bamburg [231 La. 1082, 93 So.2d 666], among others which were based on applicable provisions of the Code of Practice of 1870, has been recognized and followed by the redactors of the new Code of Civil Procedure. Con-formably with these pronouncements, Article 2088 C.C.P. states:
‘The jurisdiction of the trial court over the case shall be divested, and that of the appellate court shall attach, upon the timely filing of the appeal bond in the trial court, or if no bond is required, upon the granting of the order of appeal. * * * ’
*162 The converse of this is evident — i. e., jurisdiction of the trial court is not divested and that of the appellate court does not attach unless the appeal bond is filed in the trial court within the time allowed by law for taking the appeal. Hence, as the failure to perfect the appeal by the timely filing of the bond is jurisdictional, Article 2161 of the Code of Civil Procedure, declaring that an appeal shall not be dismissed because of an irregularity, error or defect unless it is imputable to the appellant, is inapplicable.”
Assuming the appeal herein to be from the preliminary injunction ordered December 29, 1965, the bond was untimely filed.
LSA-C.C.P. Article 3612 in concise terms provides that an appeal from an order or judgment relating to a preliminary injunction must be taken and bond furnished within fifteen days from the order or judgment.
Nor does the appellee’s failure to move to dismiss such an appeal within the three day delay provided for in Article 2161, LSA-C.C.P., have the effect of saving the appeal. In this regard we cite with approval the following language appearing in the Orrell case, supra:
“On the other hand, we do not subscribe to that court’s suggestion or implication in its opinion that failure of an appellee to move for dismissal of an appeal before judgment may operate under the jurisprudence as a waiver by appellee of jurisdiction and vest the appellate court with jurisdiction in instances where the appeal has not been perfected.
Indeed, we know of no authority of this Court which has sustained such a theory. It is true, as indicated by an observation in a footnote contained in the 1956 Supplement of McMahon Louisiana Practice, 198 n. 26.3, that when a motion to dismiss strikes at the foundation of the right of appeal or raises a jurisdictional question it need not be filed within the three days applicable to irregularities or defects in taking the appeal and may be asserted at any time prior to the appellate court’s decision (which we take to mean the appellate court’s final disposition of the case).”
Two other possibilities however remote they may be, were perhaps intended by the appeal herein taken. It may have been appellants’ aim to appeal that portion of the December 29, 1965 judgment overruling appellants’ exceptions of res judicata and no cause and no right of action. If so, it is clear that the judgment in this respect is not appealable since the portion thereof which overruled the mentioned exceptions is an interlocutory rather than final judgment and, as such, not appealable. Rapides Cent. Ry. Co. v. Missouri Pac. R. Co., 207 La. 870, 22 So.2d 200; Woodcock v. Crehan, La.App., 28 So.2d 61. In addition, the judgment in question, insofar as it overruled defendants’ said exceptions, relates to the preliminary injunction and in said respect is governed by the terms of LSA-R.S. 3612 which require that an appeal therefrom be taken and bond furnished within 15 days of the order.
Finally, it may be that appellants intended to appeal the permanent injunction granted October 9, 1965. Appeals from judgments ordering permanent injunctions fall within the ambit of general appellate procedure covered in LSA-C.C.P. Article 2087 et seq. Article 2087 LSA-C.C.P. provides that a devolutive appeal may be taken and security furnished therefor within 90 days of expiration of the delay for taking a new trial.
Article 1974 LSA-C.C.P. states that application for new trial must be made within 3 days, exclusive of Sundays and holidays, after the Clerk of Court has furnished or the Sheriff served the notice of judgment called for in Article 1913 LSA-C.C.P.
Assuming arguendo, the judgment of October 9, 1965, was of such character that service of notice thereof was required to commence running of the three day delay *163 for applying for new trial as provided in LSA-C.C.P. Article 1974, service of such notice was waived by the stipulation appearing of record wherein counsel for all parties agreed to dispense with such notice. Consequently, it is readily observed that the appeal bond posted February 14, 1966 was filed after expiration of the 90 day delay in which appellants may have appealed said permanent injunction.
For the reasons assigned, the appeal herein taken is dismissed at appellants’ costs.
Appeal dismissed.