SARTAIN, Judge.
This matter concerns a motion to dismiss an appeal. The salient facts are as follows: The decision of the trial court was rendered on September 23, 1966, and read and signed on September 30, 1966. On December 20, 1966, the trial court granted a devolutive appeal and set the return date as February 23, 1967. The appellant filed an appeal bond on February 23, 1967.
Article 2087 of the Code of Civil Procedure provides that the security for a devol-utive appeal must be furnished within 90 days of
‘(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely.”
The record discloses that there has been no application for a new trial. Due to the fact that the appellant filed an appeal bond on February 23, 1967, which is in excess of the 90 day period as set forth in LCCP article 2087, the security for appellant’s appeal was not timely filed.
According to Article 2162 of the Code of Civil Procedure, “An appeal can be dismissed at any time * * * for lack of jurisdiction of the appellate court * * See also Lafayette v. Farr, 162 La. 385, 110 So. 624.
Orrell v. Southern Farm Bureau Casualty Insurance Co., 248 La. 576, 180 So.2d 710 is dispositive of this case:
Albeit there have been some expressions in the decisions of the Courts of Appeal and this Court to the contrary, we consider it to be now well settled that the failure to perfect an appeal by the timely filing of the appeal bond is jurisdictional and that the appellate court can never acquire jurisdiction of an appeal unless the bond for the appeal is filed within the time prescribed by law. Untereiner v. Miller, 29 La.Ann. 435; Lafayette v. Farr, 162 La. 385, 110 So. 624; Succession of Dahm, 166 La. 774, 117 So. 826; Mount Olive Baptist Church v. New Zion Baptist Church, 198 La. 896, 5 So.2d 144; Dickerson v. Hudson, 201 La. 915, 10 So.2d 700; Arnold v. Arnold, 217 La. 362, 46 So.2d 298; Fisher v. International Brotherhood of Electrical Workers, etc., 218 La. 243, 48 So.2d 911; Ramizest v. Ramizest, 226 La. 973, 77 So.2d 733; Thompson v. Bamburg, 231 La. 1082, 93 So.2d 666.” (180 So.2d page 712).
For the above and foregoing reasons the motion by appellee is hereby granted and said appeal is herewith dismissed.
Appeal dismissed.