ON MOTION TO DISMISS APPEAL
SARTAIN, Judge.
We have before us a motion by Mrs. Altha C. Sims, plaintiff-appellee, to have the appeal of Louisiana Private Schools, Inc. d/b/a James Madison High School dismissed on the grounds that the same was not perfected timely as required by C.C.P. Article 2087.
*188 The chronology of events leading up to the instant motion are as follows: Judgment on a motion for summary judgment was rendered and signed against defendant and signed on June 25, 1968. Notice of the signing of this judgment as required by C.C.P. Article 1913 was also mailed to the attorneys on June 25, 1968. Defendant did not seek a rehearing. On September 23, defendant asked for and was granted a devolutive appeal returnable to this court on October 31, 1968.
However, the bond as security for the appeal was not filed until October 22, 1968. We take judicial notice that June 25, 1968 was a Tuesday. Defendants had through Friday, June 28, to ask for a rehearing. Having failed to do so, the ninety day period for perfecting a devolutive appeal commenced to run on July 1, 1968 and expired on September 30, 1968. (The delay period actually would have expired on September 28, 1968 but this date was a Saturday so defendant had until the end of the next legal day which was September 30, 1968.)
Thus we see that defendant timely asked for and was granted an appeal but failed to timely perfect its appeal by not filing its bond until October 22, 1968 or twenty-two days late.
According to Article 2162 of the Code of Civil Procedure an appeal may be dismissed at any time for lack of jurisdiction of the appellate court. See Lafayette v. Farr, 162 La. 385, 110 So. 624.
When an appeal has not been timely perfected the judgment of the district court has become final and the Court of Appeal is without jurisdiction. See Untereiner v. Miller, 29 La.Ann. 435; Lafayette v. Farr, supra; Succession of Dahm, 166 La. 774, 117 So. 826; Mount Olive Baptist Church v. New Zion Baptist Curch, 198 La. 896, 5 So.2d 144; Dickerson v. Hudson, 201 La. 915, 10 So.2d 700; Arnold v. Arnold, 217 La. 362, 46 So.2d 298; Fisher v. International Brotherhood of Electrical Workers, etc., 218 La. 243, 48 So.2d 911; Ramizest v. Ramizest, 226 La. 973, 77 So.2d 733; Thompson v. Bamburg, 231 La. 1082, 93 So.2d 666.
Accordingly, for the above and foregoing reasons appellee’s motion is granted and this appeal is hereby dismissed at appellant’s costs.
Appeal dismissed.