MOTION TO DISMISS
SARTAIN, Judge.
This matter concerns a motion to dismiss an appeal on the grounds that the same was not timely perfected in that the bond was filed more than ninety days following the denial of a motion for a new trial.
The salient facts are as follows: Judgment was read, rendered and signed on September 25, 1968. On September 27, 1968 plaintiff applied for and was denied a motion for a new trial. On the same date, September 27, 1968, plaintiff moved the court for a suspensive appeal which was denied, whereupon defendant gave notice of its intention to apply to this court for writs of prohibition, certiorari and mandamus. Writs were denied by us on October 2, 1968. On October 4, 1968 the Supreme Court of Louisiana likewise denied writs, 252 La. 850, 214 So.2d 166. On November 21, 1968 defendant then petitioned for a devolutive appeal from the judgment rendered on September 25, 1968 which was made returnable to this court on January 17, 1969, upon defendant furnishing bond in the amount of $300.00. Bond in this amount was filed with the clerk of court on January 15, 1969 or 110 days following the order of the trial court of September 27, 1968 denying defendant a motion for a new trial.
C.C.P. Article 2087 provides that the security for a devolutive appeal must be furnished within ninety days from the date a new trial is denied.
The failure to timely perfect an appeal divests the appellate court of jurisdiction.
In Aetna Insurance Company v. Robinson, 199 So.2d 369 (1st La.App., 1967) we had a similar situation involving the timely application for an appeal but a delay in the filing of a bond for the perfection thereof. We quoted from Orrell v. Southern Farm Bureau Casualty Insurance Company, 248 La. 576, 180 So.2d 710 (1956) as follows:
“Albeit there have been some expressions in the decisions of the Courts of Appeal and this Court to the contrary, we consider it to be now well settled that the failure to perfect an appeal by the timely filing of the appeal bond is jurisdictional and that the appellate court can *470 never acquire jurisdiction of an appeal unless the bond for the appeal is filed within the time prescribed by law. Un-tereiner v. Miller, 29 La.Ann. 435; Lafayette v. Farr, 162 La. 385, 110 So. 624; Succession of Dahm, 166 La. 774, 117 So. 826; Mount Olive Baptist Church v. New Zion Baptist Church, 198 La. 896, 5 So.2d 144; Dickerson v. Hudson, 201 La. 915, 10 So.2d 700; Arnold v. Arnold, 217 La. 362, 46 So.2d 298; Fisher v. International Brotherhood of Electrical Workers, etc., 218 La. 243, 48 So.2d 911; Ramizest v. Ramizest, 226 La. 973, 77 So. 2d 733; Thompson v. Bamburg, 231 La. 1082, 93 So.2d 666.” (180 So.2d page 712).
Accordingly, for the above and foregoing reasons the motion by appellee is hereby granted and the appeal is herewith dismissed.
Appeal dismissed.