PICKETT, Judge.
The defendant-appellee, has filed a motion to have the appeal of Donald C. Smith, Jr., the plaintiff, dismissed on the grounds that the appeal was not perfected timely as required by C.C.P. Article 2087.
The chronology of events leading up to the motion to dismiss, filed herein, are as follows: A judgment in favor of the defendant-appellee, United States Fidelity & Guaranty Company, and against the plaintiff-appellant, Donald C. Smith, Jr., dismissing his suit with prejudice was signed on March 2, 1970. Notice of the signing of this judgment as required by C.C.P. Article 1913 was mailed on March 5, 1970. The plaintiff did not make application for a rehearing. The plaintiff asked for and was granted a devolutive appeal returnable to this court on April 10, 1970.
The plaintiff had through Monday, June 8, 1970, in which to perfect his devolutive appeal. The plaintiff failed to perfect his appeal by filing the appeal bond. Therefore, the plaintiff timely asked for and was granted an appeal but failed to timely perfect it by filing an appeal bond. In fact the plaintiff has filed no opposition to the motion to dismiss.
C.C.P. Article 2162 provides that an appeal may be dismissed at any time for lack *739 of jurisdiction of the appellate court. See Lafayette v. Farr, 162 La. 385, 110 So. 624.
In the case of Sims v. Louisiana Private Schools, Inc., 223 So.2d 187, this court said:
“When an appeal has not been timely perfected the judgment of the district court has become final and the Court of Appeal is without jurisdiction. See Untereiner v. Miller, 29 La.Ann. 435; Lafayette v. Farr, supra; Succession of Dahm, 166 La. 774, 117 So. 826; Mount Olive Baptist Church v. New Zion Baptist Church, 198 La. 896, 5 So.2d 144; Dickerson v. Hudson, 201 La. 915, 10 So.2d 700; Arnold v. Arnold, 217 La. 362, 46 So.2d 298; Fisher v. International Brotherhood of Electrical Workers, etc., 218 La. 243, 48 So.2d 911; Ramizest v. Ramizest, 226 La. 973, 77 So.2d 733; Thompson v. Bamburg, 231 La. 1082, 93 So.2d 666.”
For the above and foregoing reasons the appeal is dismissed at appellant’s costs.
Appeal dismissed.