LOTTINGER, Judge.
This is a workmen’s compensation suit. To the petition of the plaintiff, Houston Contracting Company and Zurich Insurance Company filed a plea of prescription. The exception of prescription was argued on April 13, 1967, and reargued on June 14, 1968, on which date the Trial Court ordered that the plea of prescription be maintained. On June 21st, 1968, judgment was signed. On August 22, 1968, the plaintiff petitioned for a devolutive appeal from the judgment signed on June 21, 1968, and bond was set at $150.00. A cash bond of $150.00 was deposited with the Clerk of Court for the Parish of La-fourche on October 1, 1968, as is evidenced by the receipt of the Clerk of Court.
We are of the opinion that this appeal has not been properly perfected and must therefore be dismissed ex proprio motu for the following reasons. The delay for taking a devolutive appeal is specifically covered by LSA-C.C.P. Art. 2087 which provides :
“Except as otherwise provided in this article or by other law, an appeal which does not suspend the effect of the execution of an appealable order or judgment may be taken, and the security therefor furnished, within ninety days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
When a devolutive appeal has been taken timely, an appellee who seeks to have the judgment appealed from modified, revised, or reversed as to any other appel-lee, may take a devolutive appeal therefrom, and furnish the security therefor, within the delays allowed in the first paragraph of this article, or within ten days of the granting of the first devolu-tive appeal in the case, whichever is later.”
June 21, 1968, was a Friday, so therefore the three day delay for applying for a new trial did not commence to run until Monday, June 24, 1968, and expired on June 26, 1968. The first day of the ninety days in which to apply for a devolutive appeal commenced on June 27, 1968, and the nineteenth day would be September 24, 1968. The cash bond was not deposited until October 1, 1968, more than ninety days after the expiration of the delay for applying for a new trial. LSA-C.C.P. Art. 2087 is quite clear when it states that “an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, within ninety days.”
Therefore, for the above and foregoing reasons, this appeal is dismissed. All cost to be paid by the plaintiff-appellant, Walter P. Hulsey.
Appeal dismissed.