PER CURIAM.
The defendants-appellees filed a motion to dismiss plaintiff’s appeal on the basis that an appeal bond was not timely filed by the plaintiff-appellant.
The record reflects that judgment for defendant was rendered on December 12, 1969. The clerk’s certificate shows that on that same date the clerk mailed a copy of the judgment to the two attorneys for plaintiff of record. The plaintiff did not file an application for a new trial, and the delay for doing so expired on December 17, 1969. The plaintiff secured an order of devolutive appeal on March 5, 1970, but the appeal bond in the form of a $250.00 check of a private individual was not posted until April 23, 1970.
By the express terms of Louisiana Code of Civil Procedure Article 2087, an appeal bond must be filed within ninety days of the expiration of the delay for applying for a new trial.
 The jurisprudence is quite clear that a failure to timely file security for a devolutive appeal divests the appellate court of jurisdiction, and effectively deprives the litigant of his right to appeal. Numerous cases interpreting Louisiana Code of Civil Procedure Article 2087 make it quite clear that the appeal in the instant case must be dismissed if the record is accurate and complete. See Hulsey v. Houston Contracting Co., 225 So.2d 155 (La.App. 1st Cir. 1969); Schouest v. Loewenthal, 58 So.2d 425 (La.App.Orl.1952); Fisher v. International Brotherhood of Electrical Workers, 218 La. 243, 48 So.2d 911 (1951).
The plaintiff subsequently filed a motion to remand the trial record for correction, alleging that it does not reflect that a motion was made and an order issued naming Thomas H. Fowler as attorney for plaintiff on October 31, 1969. This contention seems unusual, in that a supplemental petition filed by plaintiff on November 20, 1969, was signed by John M. Sherrill, III, and William Henry Sanders, the attorneys who have represented the plaintiff from the initiation of the suit to the present time. Mr. Fowler apparently has not participated in the suit at any stage of the litigation. Therefore, the requirement that a copy of the judgment be mailed to plaintiff’s counsel was complied with when copies were mailed to Mr. Sherrill and Mr. Sanders. Accordingly, the appeal must be dismissed.
Appeal dismissed.