GULOTTA, Judge.
This is a motion to dismiss a devolutive appeal for the reason that the appeal bond was not timely filed in accordance with LSA-C.C.P. art. 2087.
On October 26, 1970, judgment was rendered dismissing plaintiff’s suit after a hearing on a trial on the merits. A motion for new trial was denied on December 16, 1970. The minute entry on that date evidences that the motion for new trial was taken up, signed and denied. Thereafter, on February 10, 1971, a motion for devolu-tive appeal was signed, returnable in this court on April 16, 1971. Bond was set in the sum of $100.00.
It was not until April 16, 1971, approximately four months after the date that the motion for the new trial was denied, that the appeal bond was filed. The applicable provision of the Code of Civil Procedure governing the time for the filing of a de-volutive appeal and for posting security therefor is LSA-C.C.P. art. 2087 which reads as follows:
“Except as otherwise provided in this article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, within ninety days of:
“(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
“(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or “(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.”
Accordingly, the time for posting bond as well as filing the devolutive appeal commences to run from the date of the denial of the motion for new trial. The effective date of the denial of the rehearing is as of the date of the minute entry, December 16, 1970. Caston v. Argonaut Insurance Company, 244 So.2d 320 (La.App.1st Cir. 1970). The record does not disclose that any notice of the denial of the motion for new trial was given. However, in this instance none is required. It suffices only that the minute entry reflect the date of the denial. The bond was furnished herein more than 90 days from the date of the denial. Failure on the part of the plaintiff to timely post security can only result in the dismissal of his appeal. Wall v. American Employers Insurance Company, 215 So.2d 913 (La.App.1st Cir. 1968), writ refused, 253 La. 325, 217 So.2d 415 (1969); W. K. Contracting Co. v. Bauer Dredging Co., 235 So.2d 432 (La.App.3rd Cir. 1970).
Accordingly, the motion to dismiss the appeal of plaintiff-appellant is granted.
Appeal dismissed.