ON MOTION TO DISMISS
GULOTTA, Judge.
Appellant timely filed a motion for a suspensive appeal and furnished a $350.00 appeal bond. The trial judge erroneously set the bond for the suspensive appeal in the sum of $350.00 instead of one and a half times the money judgment of $5,074.40 plus accrued interest.[1]
However, appellant failed to furnish the required supplemental security as required by law[2] within four days[3] from the rendition of the judgment ordering the amount of the bond increased.[4] Accordingly, a timely suspensive appeal bond in a sufficient amount was not furnished. The requirements for a suspensive appeal have not been met.
However, the original bond in the sum of $350.00, if sufficient and timely, fits the requirements of a devolutive appeal bond. Those requirements are set out in LSA-C. C.P. art. 2124 as follows:
“The security to be furnished for a de-volutive appeal shall be fixed by the trial court at an amount sufficient to secure the payment of costs.”
There is no indication from the record that a $350.00 cost bond is insufficient. Moreover, the motion and original bond was timely filed for a devolutive appeal.
We held in Lakeside Rambler Sales, Inc. v. Durad Corporation, 228 So.2d 745 (La.App. 4th Cir. 1969) that:
“In every appeal, whether it be denominated suspensive, devolutive, both, or neither, there is only one appeal; and if taken timely and bond timely furnished in the amount determined' by law or as ordered by the court, the appellants’ right of appellate court review is insured. The time of filing and the amount merely determines its effect on execution of the judgment pending appeal. Ramizest v. Ramizest, supra [, 226 La. 973, 77 So.2d 733] ; Graziani v. Elder & Walters Equipment Co., supra [, 208 *472 La. 80, 22 So.2d 841]; Cortez v. Cortez, 175 La. 179, 143 So. 41 (1932); Lafayette v. Farr, 162 La. 385, 110 So. 624 (1926).”
We, therefore, hold that the setting of bond in the sum of $350.00 and appellant’s timely compliance therewith is sufficient to sustain this appeal as devolutive.
Motion denied.

. LSA-C.C.P. art. 2124 reads in part:

“The security to be furnished for a sus-pensive appeal is determined in accordance with the following rules:
“(1) When the judgment is for a sum of money, the amount of the security shall exceed by one-half the amount of the judgment, including the interest allowed by the judgment to the date the security is furnished, exclusive of cost; * * * ”

. Appellant furnished a bond in the increased amount on December 29, 1972.

. LSA-C.C.P. art. 5124 reads:
“Within four days, exclusive of legal holidays, of the rendition of judgment holding the original bond insufficient or invalid, or at any time if no rule to test the original bond has been filed, the party furnishing it may correct any defects therein by furnishing a new or supplemental bond, with either the same surety if solvent, or a new or additional surety. “The new or supplemental bond is retroactive to the date the original bond was furnished, and maintains in effect the order, judgment, writ, mandate, or process conditioned on the furnishing of security.
“The furnishing of a supplemental bond, or the furnishing of a new bond by a different surety, does not discharge or release the surety on the original bond ; and the sureties on both are liable in solido to the extent of their respective obligations thereon and may be joined in an action on the bond.”

.This order was rendered on September 21, 1972.