BOUTALL, Judge.
This is a motion to dismiss a suspensive appeal because of late filing of Appeal Bond.
The facts are that appellant Louisiana Gas Service Company filed a suspensive appeal from a money judgment and furnished bond in the amount of IV2 times the principal amount only. Plaintiff-Appellees filed in the District Court a rule to declare the bond insufficient and the District Court by judgment dated February 24, 1976 ordered appellant to furnish a new or supplemental bond in a substantially greater amoun,t, to-wit, the sum of ONE HUNDRED SIXTY-
SEVEN THOUSAND, FIVE HUNDRED AND SEVENTY DOLLARS AND THIRTEEN CENTS. The supplemental bond was not filed until March 9, 1976.
Although the judgment itself is silent as to the time for filing the supplemental bond, C.C.P. Article 5124 requires that the new or supplemental bond be filed within four days, exclusive of legal holidays, of the rendition of judgment holding the original bond insufficient or invalid. Thus, the bond filed March 9 comes too late. A sus-pensive appeal is only perfected by the timely filing of a suspensive appeal bond, and since this bond was not timely filed, the suspensive appeal must be dismissed. See Loyal Investment Corporation v. Danos, 278 So.2d 152 (La.App. 4th Cir. 1973).
Although the suspensive appeal is dismissed, our appellate courts have recognized in instances such as these, that a devolutive appeal still exists. See Weber v. McMillan, 277 So.2d 470 (La.App. 4th Cir. 1973); Faust v. Curtis, 278 So.2d 875 (La. App. 1st Cir. 1973).
In response to the motion to dismiss, appellee has filed in this court an exception of prescription which he urges us to consider before considering the motion to dismiss. This we cannot do. The exception filed will have to await our consideration of the merits of the appeal.
The motion to dismiss is maintained to the extent that the suspensive appeal herein is dismissed, but denied as permitting the appeal to remain as a devolutive appeal.

MOTION TO DISMISS MAINTAINED IN PART, DENIED IN PART.