ON MOTION TO DISMISS APPEAL
Before SARTAIN, BLANCHE and EDWARDS, JJ.
SARTAIN, Judge.
This matter is before us on a motion to show cause why plaintiff’s appeal should not be dismissed for the untimely filing of the appeal bond.
*824 The record before us shows that the trial judge, after taking the matter under advisement, rendered and signed the judgment on March 26, 1975. A copy of said judgment was sent to counsel for plaintiff by certified mail on a date not ascertainable from the record and received by him on March 31, 1975. There was no application for a new trial, and subsequently, on June 17, 1975, the trial court granted a devolutive appeal. The appeal bond was ultimately filed on August 5, 1975.
The case of Aetna Insurance Company v. Robinson, 199 So.2d 369 (La.App., 1st Cir., 1967) is dispositive of the present case. Citing La.C.C.P. Art. 2087 therein, we noted that security for a devolutive appeal must be furnished within 90 days of the expiration of the delay for applying for a new trial .when none has been applied for. We further noted that the filing of the appeal bond is jurisdictional. Unless it is timely filed, appellate courts cannot acquire jurisdiction.
In the present case, the delay for applying for a new trial commenced to run under La.C.C.P. Art. 1974 on the day after the notice of signing was mailed since pursuant to La.C.C.P. Art. 1913 plaintiff was entitled to such notice inasmuch as the matter had been taken under advisement. We note, however, that the record does not reveal the date of mailing.
We conclude that this otherwise serious omission is of little significance in the present case. In any event, the notice could have been mailed no later than March 31, 1975 since that is the date it was received by plaintiff’s counsel. Even assuming a position most favorable to plaintiff, that March 31, 1975 was the date of mailing, the seven legal day period within which to apply for a new trial would have terminated April 9, 1975. The delays for perfecting a devolutive appeal commenced the following day and terminated ninety days thereafter. Since plaintiff did not file his bond until August 5, 1975, or 118 days following the commencement of the delay within which to perfect his devolu-tive appeal, he was at least 28 days late. Hence, this court is without jurisdiction to consider the merits of this case.
For the above and foregoing reasons the motion to dismiss is hereby granted and said appeal is herewith dismissed at appellant’s cost.
Appeal dismissed.