McCALEB, Justice.
This is a proceeding to revoke a permit to sell beer and other beverages of low alcoholic content issued to appellant, Ivan Chester Kotteman, proprietor of an establishment located at 620 Conti Street in the City of New Orleans, known as the Salle D’Arms Bar or Montmarte Lounge.
Under registered letter dated October 26, 1956, Kotteman was notified by the Board of Tax Appeals for the State of Louisiana of a hearing to be held before that body with reference to the revocation of his permit to sell beer and other beverages of low alcoholic content and also of a hearing to be held before the Board of Alcoholic Beverage Control concerning the revocation of his permit to sell beverages of high alcoholic content. Attached to and made part of the notice and summons was a list of specific charges made by a private citizen, Mr. Lee C. Grevemberg, which were fully set out in a petition to the board by Mr. Grevemberg, wherein it was prayed that Kotteman’s permits be revoked because of his violation of certain provisions of Chapter I of Title 26 of the Revised Statutes and “that the general conduct of this *331 establishment and the type of patrons who frequent same are not conducive to an orderly, law abiding establishment”.[1]
Following a hearing before the Board of Tax Appeals, Kotteman’s 1956 retail beer permit was revoked and it was further ordered that no other permits for the sale of beer or low alcoholic beverages be issued to him for a period of one year from November 19, 1956.
Conformably with the provisions of R.S. 26:302,[2] Kotteman instituted suit in the Civil District Court to have the decision of the Board of Tax Appeals reviewed, by trial de novo, and he named as defendants thereto Mr. Lee C. Grevemberg, who had initiated the proceedings against him, the Board of Tax Appeals, the Board of Alcoholic Beverage Control of the State of Louisiana and the City of New Orleans. These latter two parties were joined as defendants for allegedly having caused Kotteman’s liquor license for the year 1956 to be revoked without affording him a hearing.[3]
In his petition Kotteman pleaded that the Board revoked his permit although none of the actionable charges alleged against him was proved; that the other charges alleged did not constitute grounds for revocation of his permit and that the Board improperly permitted evidence to be introduced, over objection, of violations which had not been alleged and of which no prior notice was given.
On the date fixed for the hearing of Kotteman’s petition, Grevemberg appeared in the district court and denied the conten *333 tions made therein and, under authority of R.S. 26:302 (see footnote No. 2, supra), asserted .additional grounds for the revocation of the permit. The substance of these new charges was that Kotteman had violated R.S. 26:285(5) [4] and that 250 arrests had been made by the police on his premises during the period from January 1, 1954 through November 12, 1956; that he had violated R.S. 26:286(1) by not stating that he had a manager for his establishment and that he also failed to state in his application for a permit that he had been previously convicted of selling beer and whiskey without a license.
The other defendants also appeared and filed exceptions of no right or cause of action, simultaneously with their answer.
The judge referred all exceptions to the merits and, after a trial de novo, he affirmed the order of the Board of Tax Appeals. Kotteman has appealed.
In this court, the Attorney General initially contends that the Board of Tax Appeals has been improperly joined as a party to the proceeding, being a quasi judicial body created by R.S. 47:1401 et seq. and not an agency of the State which can sue or be sued.
This position appears to be well taken (see State ex rel. Bringhurst v. Zoning Board of Appeal and Adjustment, 198 La. 758, 4 So.2d 820 and State ex rel. Hurley v. Zoning Board of Appeal and Adjustment, 198 La. 766, 4 So.2d 822) but, in view of the conclusion we reach in the case, it is unnecessary for us to make a specific ruling on the plea, which was apparently not called to the attention of the trial judge.
On the merits of the appeal we find little to discuss. Kotteman specifies three complaints in this court — (1) that the board and the district court allowed, over objection, testimony to be offered of charges not contained in the notice and motion; (2) that the district court erroneously allowed testimony to be adduced in support of the allegations contained in the answer of Mr. Grevemberg, which was filed on the same day as the trial of the case, and (3) that the court erred in rendering judgment on these charges of which he was never apprised in advance of the hearing.
None of these complaints is substantial. Respecting the first one, as to the admission of evidence before the board and the district court of violations not specifically charged, it is enough to say that, even if the allegations of Mr. Grevemberg’s petition relative to the disorderly manner in which the establishment has been conduct *335 ed are considered to be too general, these averments have been supplemented and elaborated on in the answer filed in the district court wherein detailed charges were set forth of numerous (250) arrests made by police on the premises during a period of approximately 2Vi years. Many of these arrests were made while Kotteman was personally on the premises and witnessed the acts upon which the arrests were founded, some of which involved immoral conduct. The police officers who testified stated that the bar operated by Kotteman was notorious as a place in which perverts and sex deviates congregated, so much so, that they were required to check it at least once each hour. All this evidence, which was adduced at the trial de novo as well as before the Board of Tax Appeals, was clearly admissible under the specific charges made in Mr. Grevemberg’s answer.
The second objection as to additional charges which were made on the trial de novo is likewise without merit. R.S. 26:302 expressly permits new charges to be made, old ones amended and new evidence to be heard concerning them on the trial de novo.
The same may be said as to the other alleged error, that Kotteman was not given advance notice or an opportunity to prepare for the hearing in the district court. The trial de novo was not held on the same day as Mr. Grevemberg’s answer was filed and appellants’ averment to the contrary is not correct. The answer was filed on November 30, 1956 and the trial was held on December 4, 1956. Appellant was charged with notice of the additional allegations in the answer and he evidently was fully aware of them. In any case, he at no time sought a continuance on the ground that he was taken by surprise.
The judgment is affirmed.
PONDER, J., recused.

. R.S. 26:288(B) gives the right to any citizen who has resided in the parish for six months where the licensed establishment is located to petition for revocation or suspension of a permit.

. R.S. 26:302: “Any party aggrieved by a decision of the board of tax appeals to withhold, suspend, or revoke a permit or of the collector or local authorities to withhold a permit may, within ten days of the notification of the decision, take a devolutive appeal to the district court having jurisdiction of the applicant’s or permittee’s place of business, proposed or actual, as the case may be. Such appeals shall be granted by the clerk of court on written petition together with a bond for costs. The appeals shall be tried de novo. Either party may amend and supplement his pleadings and additional witnesses may be called and heard.
“Within ten calendar days of the signing of the judgment by the district court in any such appeal cases, any aggrieved party may devolutively appeal the judgment to the appellate court of proper jurisdiction. These appeals shall be perfected in the manner provided for in civil cases but shall be devolutive in their nature and effect.”

.Although the hearing before the Board of Alcoholic Beverage Control on the revocation of Kotteman’s liquor permit was never concluded, those proceedings being ordered continued indefinitely, it appears that Kotteman voluntarily surrendered his liquor permits, both city and state, upon suggestion by city officials after rendition of the judgment on the beer permit by the Board of Tax Appeals. However, the liquor licenses have since been restored to him and, since no complaint relative to these liquor permits has been raised by counsel for appellant, the point is no longer an issue in the case.

. R.S. 26:285: “No person holding a retail dealer’s permit and no servant, agent, or employee of the permittee shall do any of the following acts upon the licensed premises: * * *
“(5) Permit any disturbance of the peace or obscenity, or any lewd, immoral, or improper entertainment, conduct, or practices on the licensed premises.”