McCALEB, Justice.
This appeal, which was consolidated with the appeal of Ivan C. Kotteman from the judgment of the Civil District Court affirming the order of the Board of Tax Appeals revoking Kotteman’s beer permit, 233 La. 328, 96 So.2d 601, was taken by Mrs. Irene R. Pomes and Mrs. Marjory P. Scherf, who are the owners of the premises in which Kotteman operates a barroom and lounge.
These appellants contend that the revocation of Kotteman’s license to sell beer on their premises for the space of a year has deprived them of a valuable property right without due process of law in that they were neither cited nor given any notice of the pendency of the proceedings against their lessee, either by the Board of Tax Appeals or in the Civil District Court and they claim the right of appeal under Article 571 of the Code of Practice.
There can be no doubt as to the right of these appellants to appeal from the judgment which affects the complete use of their property for barroom purposes for a period of one year. However, Article 571 of the Code of Practice, which pertains to appeals in ordinary civil suits by persons aggrieved *339 by the judgment even though they are not parties to the suit, is not applicable to this case. The right of appeal and the method of procedure in matters involving orders of the Board of Tax Appeals withholding, suspending or revoking permits to sell beverages of low alcoholic content, which have been reviewed on a trial de novo in the district courts, has been specially provided for by the Legislature in R.S. 26:302. The portion of that statute pertaining to review by the appellate courts reads:
“Within ten calendar days of the signing of the judgment by the district court in any such appeal cases, any aggrieved party may devolutively appeal the judgment to the appellate court of proper jurisdiction. These appeals shall be perfected in the manner provided for in civil cases but shall be devolutive in their nature and effect.”
This appeal being governed by the above quoted provision, we are unable to consider it, as appellants have failed to take the appeal within the time prescribed by law, that is, within ten calendar days of the signing of the judgment by the district court. The judgment was signed on December 13, 1956 and the petition for appeal was not filed until March 8, 1957.
This is a jurisdictional defect which strikes at the foundation of the right of appeal. Hence, the order granting it was absolutely null and could not vest this Court with appellate jurisdiction, the lack of which it is our duty to notice ex proprio motu. Untereiner v. Miller, 29 La.Ann. 435; Lafayette v. Farr, 162 La. 385, 110 So. 624; Mount Olive Baptist Church v. New Zion Baptist Church, 198 La. 896, 5 So.2d 144; Dickerson v. Hudson, 201 La. 915, 10 So.2d 700; Arnold v. Arnold, 217 La. 362, 46 So.2d 298 and Thompson v. Bamburg, 231 La. 1082, 93 So.2d 666.
The appeal is dismissed.
PONDER, J., recused.