TUCKER, Judge.
The plaintiffs, Raymond Felton Sr. and Raymond Felton, Jr., instituted this appeal from the judgment of the trial court, dismissing their suit to enjoin the defendants from revoking and rescinding their permits to sell alcoholic beverages and beer at the Poydras Cafe, Bar and Lounge, 1344 Julia Street, Baton Rouge, La.
The chronology of the events leading to the revocations are as follows: An asserted petition, dated September 10, 1972, to close the establishment, signed by various individuals, was filed with the city council. This petition stated legal grounds, which, if established, would warrant and justify the revocations of the permits and the closing of the establishment. In a letter, dated September 11, 1972, one Louis Metevia, Jr. wrote to Mayor-President W. W. “Woody” Dumas, stating that certain citizens desired *137 the closing of the said saloon and bar, giving the names of such citizens. On September 14, 1972 a letter over the signature of Rosemary Broussard, Clerk of the City-Parish Council, was mailed to appellants, advising that a hearing would be held on September 27, 1972 relative to the suspension or revocation of their permit to deal in alcoholic beverages. On October 2, 1972 appellants were informed by letter from Leslie H. Gautreaux, Jr., Revenue Deputy in the office of the City-Parish Treasurer, that the subject liquor and beer permits had been revoked by the City-Parish ABC Board.
Appellants make reference in Article 9 of their petition for injunctive relief against the defendants -to prevent the revocation of their permits that a hearing was held before the City-Parish Council for the Parish of East Baton Rouge on October 11, 1972 to review proceedings before and action of the ABC Board in revoking the permits. The defendants denied the allegations of said Article 9, and the record before us is totally silent with reference to the occurrence of any such hearing and review. We can surmise only that the review hearing did not take place, or, if it did, the record is devoid of any proof on this score.
The appellants urgently contend that the petition on which the ABC Board relied in revoking the permits was not sworn to by the petitioners, and, therefore, under the provisions of LSArR.S. 26:91 the ABC Board should not have entertained the un-sworn petition, and such could not be the basis of a valid revocation of the permits. In support of this contention appellants cited the case of Wimberly v. White, 54 So.2d 869 (La.App. 1st Cir. 1951). The cited case involved an action on the part , of the Louisiana Board of Alcoholic Beverage Control in revoking a liquor permit in contravention of the express terms of LSA:R.S. 26:91 (Emphasis supplied).
The defendants argue that LSA :R.S. 26:91 is not the controlling statute in this instance in that the City-Parish ABC Board is involved here rather than the State ABC Board, and that with respect to this appeal the pertinent and controlling statute is LSA-R.S. 33:4788 which grants to a permittee, aggrieved by the decision of a governing body of the municipality or parish in revoking a permit or permits, a period of ten days from the notification of the decision within which to take an appeal to the district court having jurisdiction of his place of business. On such an appeal the trial before the district court shall be de novo.
Under the prevailing circumstances we need not consider the applicability of LSA-R.S. 26:91. The pertinence of the provisions of LSA-R.S. 33:4788 with respect to the time allotted for taking an appeal to the district court from a decision of a body such as an ABC Board is unquestioned.
We agree with the result reached by the trial judge in dismissing appellants’ suit. However, we do not subscribe to the proposition that the appellants chose a procedural device, in attacking the action of the Alcoholic Beverage Control Board for the City of Baton Rouge, which was not in proper form, and, being injunctive in nature, could not be considered as an appeal within the intendment of the foregoing statutory law. In the case of Dauenhauer v. City of Gretna, 93 So.2d 27 (La.App., Orl.Cir. 1956) it was expressly held that a suit to have a liquor license revocation annulled could be considered an appeal, within the contemplation of the statute authorizing a devolutive appeal and trial de novo, notwithstanding a prayer for injunctive relief, where it was clear that petitioner was aggrieved by a decision of a municipal governing body and desired to have the district court review proceedings which had been held before the board and which led up to the revocation of his permit.
The situation with which appellants are confronted is the simple fact that the record reveals their petition to annul the *138 revocation of the permits was not filed until October 18, 1972, sixteen days after notification of the action of the Board was mailed on October 2, 1972. The time for appealing the decision of the Board had expired when the petition was filed. The appeal should have been dismissed as not having been taken timely. In view of this ruling no useful purpose can be served in a discussion of the other issues raised by appellants.
For the reasons herein stated the judgment of the trial court is affirmed at appellants’ costs.
Affirmed.