FRUGÉ, Judge.
On our own motion we are dismissing the appeal of the plaintiffs-appellants, as we are of the opinion that the appeal has not been properly perfected.
The pertinent facts are as follows. At the December 9th and 10th, 1971, meeting of the State Board of Education, McNeese State University was given permission to serve beer on the campus on occasions of special activities, under the close supervision of the University. Pursuant to this authorization, McNeese applied for a permit to sell beer from both the State of Louisiana and the City of Lake Charles. An opposition was filed by the appellants which was heard by the State Board of Tax Appeals. This Board ordered the Collector of Revenue to issue the permit. Following this decision, appellants obtained a review in the Fourteenth Judicial District Court at Lake Charles, in which a judgment was rendered affirming the decision of the Board of Tax Appeals. The district court judgment was signed on September 6, 1973. On September 17, 1973, the plaintiffs-appellants petitioned for and were granted a devolutive appeal to this court. Bond was set at $250. The appellants did not file bond until October 26, 1973.
The procedure for appealing the withholding of a beer permit by the Board of Tax Appeals is set out in La.R.S. 26:302. Kotteman v. Grevemberg, 233 La. 336, 96 So.2d 604 (1957). The portion of the statute with which we are here concerned reads as follows:
“Within ten calendar days of the signing of the judgment by the district court in any such appeal cases, any aggrieved party may devolutively appeal the judgment to the appellate court of proper jurisdiction. These appeals shall be perfected in the manner provided for in civil cases but shall be devolutive in their nature and effect.”
Article 2088 of the Code of Civil Procedure provides the manner in which appeals are perfected in civil cases:
“The jurisdiction of the trial court over the case shall be divested, and that of the appellate court shall attach, upon the timely filing of the appeal bond in the trial court, or if no bond is required, upon the granting of the order of appeal.”
In this case, the judgment was signed on September 6, 1973. The appeal bond was filed on October 26, 1973. This is clearly not “[Wjithin ten calendar days of the signing of the judgment. . . . ” La.R.S. 26:302.
Since R.S. 26:302 provides that appeals are perfected in the manner provided for in civil cases, the failure to post bond within the required ten days is a jurisdictional defect. An appellate court *848 does not acquire jurisdiction unless bond is filed within the time prescribed. LSA-C. C.P. Article 2088; Pan-American Petroleum Corporation v. Cocreham, 251 La. 705, 206 So.2d 79 (1968).
As we are without jurisdiction to hear the merits, this appeal is dismissed at appellants’ cost.
Appeal dismissed.