COLE, Judge.
This court, on its own motion, ordered the parties to show cause why the appeal should not be dismissed due to the fact the appeal had not been filed timely under La.R.S. 26:104 and La.R.S. 33:4788. After considering the briefs filed by the parties we conclude the appeal was not filed timely and therefore dismiss it.
Plaintiff, Flemón Day, is the owner of the Good Times Restaurant and Lounge. On March 30, 1982, his “Class R” liquor permit, which allowed him to serve liquor with meals on Sundays, was suspended by the Alcoholic Beverage Control Board (hereinafter referred to as the ABC board). Plaintiff filed a suit on April 2, entitled “Petition for Writ of Injunction.” Therein he requested a temporary restraining order, a preliminary injunction, a permanent injunction and any other equitable relief. A temporary restraining order was issued on April 6. A hearing was held and on May 5, 1982, the district court signed a judgment which vacated the temporary restraining order, denied the preliminary injunction, and denied a new trial.
On June 4, 1982, appellant filed a writ application with this court, which was denied on June 15, 1982. This court stated appellant’s proper remedy was by appeal. Appellant thereafter filed a motion and order for appeal which was signed on June 23, 1982. At the time the writ application was denied, no determination was made as to whether or not the appeal delays had lapsed.
In his original brief filed with us, appellant contended that although his petition was labeled as an “injunction,” he was really seeking an appeal from the administrative decision of the ABC board. Appellee, on the other hand, contended appellant had filed a petition for injunction only and consequently the merits of the case could not be considered on appeal. Therefore, the issue was whether appellant’s initial action should be considered a request for an injunction or a request to reverse the decision of the ABC board. Pretermitting this question for the moment, we conclude regardless of the nature of appellant’s original action, his appeal to this court was not timely.
If we consider the action to be an appeal from the suspension of an alcohol license, the matter is governed by La.R.S. 26:104[1] (which deals with alcoholic beverage control) and La.R.S. 33:4788[2] (which deals with a municipality, parish, or municipal ABC board). These statutes provide a party aggrieved by a decision of the ABC board may appeal to the proper district court within 10 days of notification of the decision and must appeal to the appellate court within 10 days of the signing of the district court judgment. Since the trial court’s judgment was signed on May 5, 1982, and the appeal was taken on June 22, 1982, the delay had clearly run and the appeal was not timely.
*56 If we consider the action to be an appeal from the denial of a preliminary injunction, the matter is governed by La.Code Civ.P. art. 3612[3] which requires the party to appeal the matter within 15 days from the date of the judgment. Again, the appeal was not filed timely.
Appellant contends his period for appeal was delayed by the fact he sought supervisory writs. He argues the delay should not begin until the writs were denied. We find no merit to this argument. The language of the statutes in question is clear: the appeal must be taken within 10 calendar days of “the signing of the judgment by the district court.” Further, it has been expressly held by this court that “an application for supervisory writs does not extend appeal delays.” Irvin v. Grower, 417 So.2d 507 (La.App. 1st Cir.1982). Moreover, appellant’s appeal delays had lapsed even before his writ application was filed.
We note even though there was a full evidentiary hearing on the merits of the suspension ordered by the ABC board, the trial court did not adjudicate the matter. Instead, the trial court, treating appellant’s petition as one for injunctive relief only, rendered judgment vacating the temporary restraining order and denying the preliminary injunction. This, in effect, denied the litigant his right of appeal from the administrative decision because his pleading was wrongly captioned and its thrust confused the issue. Pleadings must be construed as to do substantial justice. La.Code Civ.P. art. 865; Katz v. Katz, 412 So.2d 1291 (La.1982). The trial court could have treated appellant’s petition as an administrative appeal and rendered judgment on the merits. In the interest of justice, we remand to allow this to be done.
For these reasons, the appeal is dismissed. Costs are to be paid by appellant.
APPEAL DISMISSED; REMANDED ON MERITS.

. La.R.S. 26:104 reads in pertinent part:
“Within ten calendar days of the signing of the judgment by the district court in any such appeal case, the board or the applicant for a permit or permittee, as the case may be, may devolutively appeal the judgment to the appellate court of proper jurisdiction. These appeals shall be perfected in the manner provided for in civil cases and shall be devolu-tive only. If the district court determines that the decision of the board or of the local authorities in withholding, suspending, or revoking the permit was in error, the decision of the board or local authorities shall not be voided if the board or local authorities take an appeal to the Court of Appeals in the time provided for suspensive appeals.”

. La.R.S. 33:4788 reads as follows:
“The holder of the permit who is aggrieved by a decision of the governing body of the municipality or parish or a municipal alcoholic beverage control board to suspend or revoke his permit, may within ten days of the notification of the decision take a devolutive appeal to the district court having jurisdiction of his place of business and on such appeal the trial shall be de novo. Within ten calendar days from the signing of the judgment by the district court the municipality or parish governing authority, a municipal alcoholic beverage control board or the holder of the permit, as the case may be, may devolu-tively appeal from the judgment of the district court to the court of appeals as in ordinary civil cases.”

. The pertinent language of La.Code of Civ.P. art. 3612 is as follows:
“An appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment. The court in its discretion may stay further proceedings until the appeal has been decided.”