EDWARDS, Judge.
Plaintiffs’ motion to dismiss this appeal is granted.
On December 28, 1983, plaintiffs filed a petition for preliminary and permanent injunctions. On March 2, 1984, the trial court held a hearing, and then took the matter under advisement. The court then issued an opinion on May 14, 1984, stating that plaintiffs were entitled to the requested preliminary injunction, and that the court would subsequently sign a judgment so ordering. The trial court granted defendants an appeal on June 1, 1984, and defendants filed the appeal bond on June 30, 1984. The court finally signed a judgment granting the preliminary injunction on July 17, 1984, and it was lodged in the appellate record. Because no appeal may be taken until a judgment is signed, this court dismissed that appeal as premature. See Overmier v. Traylor, 458 So.2d 499 (La.App. 1st Cir.1984).
Defendants then filed this appeal on October 2,1984. “An appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within 15 days from the date of the order or judgment.” LSA-C.C.P. art. 3612. There is absolutely no question that this appeal is untimely; the judgment appealed from was signed July 17, 1984, and the appeal was taken on October 1, 1984.
Defendants, however, contend that the premature first appeal suspended the delay period for filing an appeal from the judgment signed on July 17, 1984. An application for supervisory writs does not extend appeal delays. Day v. Alcoholic Beverage Control Board, 431 So.2d 54, 56 (La.App. 1st Cir.1983). Similarly, a prema *445 ture appeal does not suspend the running of the appeal delay. Therefore, this appeal is dismissed as untimely.
APPEAL DISMISSED.