778 So.2d 75 (2000)
JIM & LU ENTERPRISES, INC., d/b/a Jim & Lu's Grocery, and Aimuamwosa Johnbull Igbinosun
v.
ALCOHOLIC BEVERAGE CONTROL BOARD FOR THE CITY OF BATON ROUGE and East Baton Rouge Parish; City of Baton Rouge and Parish of East Baton Rouge, a/k/a City/Parish Consolidated Government and J. Marcus Wright, Director, Alcohol Beverage Control Board.
No. 99 CA 2907.
Court of Appeal of Louisiana, First Circuit.
December 22, 2000.
Rehearing Denied March 1, 2001.
*76 Nelson D. Taylor, Sr., Baton Rouge, Counsel for Appellants Jim & Lu Enterprises, Inc. and Aimuamwosa Johnbull Igbinosun.
Eugene Booth, James Hilburn, Baton Rouge, Counsel for Appellee Alcoholic Beverage Control Board for the City of Baton Rouge.
Before: WHIPPLE, FOGG and SCOTT J. CRICHTON, JJ.[1]
CRICHTON, J.
Plaintiffs, Jim & Lu Enterprises, Inc., d/b/a Jim & Lu's Grocery and Aimuamwosa Johnbull Igbinosun, appeal the district court's denial of their petition for damages and injunctive relief. We dismiss the appeal inasmuch as it was not timely filed.

Facts and Procedural Background
Aimuamwosa Johnbull Igbinosun (hereinafter referred to as Igbinosun) is the owner of Jim & Lu Enterprises, Inc., d/b/a Jim & Lu's Grocery, a convenience store located on N. Acadian Thruway in Baton Rouge, Louisiana. On April 28, 1998, the Alcoholic Beverage Control Board for the City of Baton Rouge and Parish of East Baton Rouge (hereinafter referred to as "ABC Board") issued a Notice and Summons which charged Jim & Lu's Grocery with "operation adverse to the public health, safety or morals," in violation of the Baton Rouge City Code Ordinances Section 1:152(10). The notice listed four incidents where police were dispatched to this business and summoned Igbinosun to appear before the ABC Board on May 7, 1998 at 4:30 p.m.[2] Igbinosun appeared with counsel as summoned; and, at the conclusion of this hearing, the ABC Board notified Igbinosun that the liquor license was revoked for Jim & Lu's Grocery and that he had 24 hours to remove all alcoholic beverages from the premises.
*77 Igbinosun filed a Petition for Damages and Injunctive Relief on June 3, 1998, which alleged, inter alia, that the ABC Board unlawfully took his license because there was insufficient evidence presented at the hearing and that insufficient notice of the charges violated his constitutional rights to due process and equal protection. The petition also requested that Ordinances Section 1:152(10) be ruled unconstitutional as applied to revoke this liquor license because it was used by the ABC Board to "target" plaintiffs for "selective discriminatory zoning ..." The district court denied the request for a temporary restraining order on June 5, 1998 and set a hearing on the request for a preliminary injunction for June 15, 1998. At the hearing, the district court found that Igbinosun had timely appealed the decision of the ABC Board but denied the Motion for Preliminary Injunction.[3]
On June 12, 1998, The ABC Board filed declinatory exceptions of lis pendens and lack of subject matter jurisdiction and a peremptory exception of res judicata. The district court set these matters for hearing on August 31, 1998 and requested briefs on the constitutionality of Ordinance Section 1:152(10). At the August 31, 1998 hearing, the district court affirmed the decision of the ABC Board as follows:
I have reviewed this matter. I have looked at [Plaintiffs'] original pleadings and I've looked at the memorandum that was supplied by the city. The court is going to rule that the ordinance is constitutional and I'm going to dismiss the Plaintiffs suit and uphold the decision of the board.
The judgment, filed on September 23, 1998 and signed on October 2, 1998 denied the plaintiffs' petition for preliminary injunction, upheld the constitutionality of Section 1:152(10) of the Baton Rouge City Code of Ordinances, and denied the defendants' exceptions. A fax copy of the plaintiffs Petition and Order for Appeal was filed November 30, 1998, the original filed December 4, 1998 and signed by the district judge on December 11, 1998. Plaintiffs, Jim & Lu Enterprises, Inc., d/b/a Jim & Lu's Grocery and Igbinosun appeal this judgment, asserting that the method and content of the ABC Board decision violated their due process rights and that Section 1:152(10) of the Baton Rouge City Code of Ordinances is unconstitutional as applied in this case.

Applicable Law
Pursuant to La.R.S. 26:302 and 26:303, decisions of local authorities in withholding permits are final and binding on all parties unless appealed in the manner provided in R.S. 26:303B which reads, in pertinent part, as follows (emphasis added):

Within ten calendar days of the signing of the judgment by the district court in any such appeal cases, any aggrieved party may devolutively appeal the judgment to the appellate court of proper jurisdiction. These appeals shall be perfected in the manner provided for in civil cases but shall be devolutive in their nature and effect. (emphasis added)
This ten day delay for appeal is mirrored in the following language of La.R.S. 33:4788:

Within ten calendar days from the signing of the judgment by the district court ... the holder of the permit ... may devolutively appeal from the judgment of the district court to the court of appeals as in ordinary civil cases.
An appeal from an order or judgment relating to a preliminary injunction must be taken within fifteen days from the date of the order or judgment. La.C.C.P. Art. 3612.
*78 The question of timeliness of an appeal is jurisdictional and must be considered. McGee v. Jones, 516 So.2d 1222, 1224 (La.App. 2 Cir.1987); Anderson v. City of Baton Rouge, 381 So.2d 842 (La. App. 1 Cir.1980). An appellant's failure to file a devolutive appeal timely is a jurisdictional defect in that neither the court of appeal nor any other court has the jurisdictional power and authority to reverse, revise, or modify a final judgment after the time for filing a devolutive appeal has elapsed. Baton Rouge Bank & Trust Co. v. Coleman, 582 So.2d 191, 192 (La. 1991) (emphasis omitted). Accordingly, when an appellant fails to timely file a devolutive appeal from a final judgment, the judgment acquires the authority of the thing adjudged, and the court of appeal has no jurisdiction to alter that judgment. Baton Rouge Bank & Trust Co., id. See also, Starnes v. Asplundh Tree Expert Co., 941647 (La.App. 1 Cir. 10/6/95), 670 So.2d 1242.
A suit to have a liquor license revocation annulled can be considered an appeal, within the contemplation of the statute authorizing a devolutive appeal and trial de novo, notwithstanding a prayer for injunctive relief, where it is clear that the petitioner is aggrieved by a decision of a municipal governing body and desires to have the district court review proceedings which have been held before the board and which led up to the revocation of the permit.
Felton v. Alcoholic Bev. Con. Bd. For Baton Rouge, 278 So.2d 136, 137, (La.App. 1 Cir. 5/14/73) discussing Dauenhauer v. City of Gretna, 93 So.2d 27 (La.App. Orl.Cir.1956).
A court should not reach or determine constitutional issues unless, in the context of a particular case, the resolution of such issues is necessary to decide the case. Cameron Parish School Bd. v. Acands, Inc., 96-0895 (La.1/14/97), 687 So.2d 84, 87. Brinker v. Junction City Wood Co., 96-2896 (La. 01/20/99), 728 So.2d 1252. Hence, courts should avoid constitutional rulings when the case can be disposed of on the basis of nonconstitutional issues. Brinker, Id., citations omitted.

Discussion
This appeal presents three areas for our review: (i) review of the ABC Board's decision to revoke the liquor license; (ii) review of the district court's denial of the preliminary injunction; and (iii) review of the district court's ruling on the constitutionality of Ordinance Section 1:152(10). For the following reasons, we have no jurisdiction to review the first two areas and pretermit discussion of the third area.
Revocation of the Liquor License and Denial of Preliminary Injunction
The Louisiana legislature has prescribed the following method for a liquor license holder to receive due process when its license is revokedde novo trial before the district court having jurisdiction of the license holder. Any shortcomings in the sufficiency of either notice or evidence at a board's hearing are resolved in this way because either party may amend and supplement its pleadings and additional witnesses may be called and heard at the trial de novo. La.R.S. 26:303A. The legislature further provides that such de novo trial is to take precedence over other civil cases in the district court. La.R.S. 26:304A. However, the appeal to the district court must be taken within ten days of the notification of the board's decision. La. R.S. 33:4788. Similarly, La.R.S. 33:4788 allows for appeal of the district court judgment to the court of appeal within ten calendar days from the signing of the judgment. This appeal procedure is in accord with La.R.S. 26:303 and provides the vehicle for redress of the allegations of due process violation contained in the instant petition.
In general, the Petition for Damages and Injunctive Relief challenges the May 7, 1998 decision of the ABC Board and challenges the method by which the decision was reached. Even the allegations *79 in the petition regarding the constitutionality of 1:152(10) question the sufficiency of the ABC Board's notice proceedings and the sufficiency of the evidence used to support the decision to revoke Igbinosun's license. The district court properly treated the instant petition as an appeal of the ABC Board decision and, if timely appealed to the district court, the plaintiffs were entitled to a de novo trial before the district court. Brossette v. Alcoholic Beverage Control Board, 611 So.2d 1391, 1394 (La.1993). However, when the petition was filed on June 3, 1998, the decision of the ABC Board had become final pursuant to La.R.S. 26:302, 26:303, and 33:4788 and had therefore acquired the authority of the thing adjudged. Thus, it appears that the district court was without jurisdiction to review, revise, or modify the revocation of this liquor license because Igbinosun failed to seek timely redress of the actions, omissions, and decision of the ABC Board[4].
The district court judgment was signed on October 2, 1998 and the notice of appeal was filed, at the earliest, by fax on November 30, 1998more than ten days from the signing of the judgment and more than 15 days from the judgment. This was untimely whether viewed under the La.R.S. 26:303 ten day delay allowed for appeal of the district court ruling which affirmed the decision of the ABC board (if the district court judgment is deemed a ruling on appeal from the ABC Board hearing) or under the La.C.C.P. Art. 3612 fifteen day delay allowed for appeal of the district court denial of the petition for injunctive relief (if the district court judgment is deemed a denial of an original suit for preliminary judgment). Therefore, assuming arguendo that the appeal to the district court was timely, as found by the district court, this court has no jurisdictional power or authority to reverse, revise, or modify the judgment signed by the district court on October 2, 1998. More than 40 years ago the Supreme Court of Louisiana made the following observation:
This is a jurisdictional defect which strikes at the foundation of the right of appeal. Hence, the order granting it was absolutely null and could not vest this Court with appellate jurisdiction, the lack of which it is our duty to notice ex proprio motu.
See Kotteman v. Grevemberg, 233 La. 336, 96 So.2d 604, 605 (La.1957). See also and compare, Day v. Alcoholic Beverage Control Bd., 431 So.2d 54, 55 (La.App. 1 Cir.) writ denied, 437 So.2d 1152 (La.1983) where we stated the following:
If we consider the action to be an appeal from the suspension of an alcohol license, the matter is governed by La. R.S. 26:104 (which deals with alcoholic beverage control)[5] and La.R.S. 33:4788 (which deals with a municipality, parish, or municipal ABC board). These statutes provide a party aggrieved by a decision of the ABC board may appeal to the proper district court within 10 days of notification of the decision and must appeal to the appellate court within 10 days of the signing of the district court judgment. Since the trial court's judgment was signed on May 5, 1982, and the appeal was taken on June 22, 1982, the delay had clearly run and the appeal was not timely.
If we consider the action to be an appeal from the denial of a preliminary injunction, the matter is governed by La.Code.Civ.P. art. 3612 which requires the party to appeal the matter within 15 *80 days from the date of judgment. Again, the appeal was not filed timely.
While somewhat distinguishable on the facts, Day is on point on the issue of the time delays for appeal of the district court's denial of a petition for preliminary injunction where the petition's allegations challenge the decision of an ABC Board. As in Day, "we conclude regardless of the nature of appellant's original action, his appeal to this court was not timely." 431 So.2d at 55. For this reason, we have no jurisdiction to review either the revocation of the liquor license or the denial of the preliminary injunction.
Constitutionality of Baton Rouge City Ordinances, Section 1:152(10).
The October 2, 1998 district court judgment ruled that Section 1:152(10) is constitutional. The allegations in the instant petition make it clear that Igbinosun is aggrieved by the decision of the ABC Board and desires review of the proceedings which were held before the board and which led up to the revocation of the liquor license. Again, we have no jurisdiction to review that decision because the appeal to this court from that decision was untimely filed; and accordingly, we pretermit discussion on the constitutionality of Ordinance Section 1:152(10).

Conclusion
Whether this petition is viewed as an appeal of the ABC Board decision or as an original petition for preliminary injunction, the allegations therein challenge the sufficiency of notice and sufficiency of evidence in the proceedings held before the board. Because this appeal is untimely under both La.R.S. 33:4788 and La.C.C.P. Art. 3612, we have no jurisdiction to review the decision of the board or the denial of the preliminary injunction. For these reasons and those discussed above, this appeal is dismissed at plaintiffs/appellants' costs.
APPEAL DISMISSED.
NOTES
[1] First Judicial District Court Judge Scott J. Crichton assigned pro tempore by order of the Supreme Court of Louisiana.
[2] We note that the notice appears on its face to be less than ten days prior to the appearance date, in violation of La.R.S. 33:4787 which provides that "notice shall be served upon the holder of the permit stating the time and place of the hearing ... which shall be not less than ten calendar days from the date such notice is given." However, neither party has shown when service of the notice was made nor raised the timing of the notice and hearing as an issue herein.
[3] The June 15, 1998 minutes of court state "This matter came before the Court for hearing on a Motion for Preliminary injunction, filed on behalf of plaintiffs." Documentary evidence was introduced, argument had by counsel and the matter submitted. Whereupon, the court held that the plaintiff was timely in its appeal to this court. Further, the court denied the Motion for Preliminary Injunction.
[4] If the appeal to the district court was untimely then the ABC Board's decision became final prior to the district court judgment and the district court was without jurisdiction to consider the actions of the board. We note that, although the petition was filed outside the ten day delay specified in La.R.S. 33:4788, it was filed within the thirty day delay specified in Baton Rouge City Code of Ordinances Section 1:153. However, because the appeal from the district court to this court was untimely, we pretermit further discussion of whether the petition for injunctive relief was timely as an appeal to the district court.
[5] The substance of then R.S. 26:104 is now found in La. R.S. 26:303B.