KUHN, J.
L.This appeal considers a district court judgment affirming the dismissal of plaintiffs claim for reimbursement from the Second Injury Board.
FACTS
Noel Howell was employed as a full-time employee by Home Depot on April 4,1994, in the lumber and roofing department. Howell’s duties included assisting customers and loading purchased supplies. On November 2, 1995, while lifting a hundred-pound bag of sand for a customer, Howell injured his back. He reported the injury to his employer and continued to work, but eventually, his injury required back surgery. On March 27,1997, although Howell was still experiencing pain, he returned to work part-time on light duty.
On August 13, 1999, Howell again injured his back while descending a ladder while in the course and scope of his work. Although he continued to work, Howell could work only irregularly because of pain. Howell’s pain increased, and his last day of employment was August 3, 2001.
Home Depot paid Howell workers’ compensation benefits following both the 1995 and 1999 injuries. On June 23, 2003, Home Depot filed a claim with the Second Injury Fund (the Fund), seeking reimbursement pursuant to La. R.S. 23:1378. The Second Injury Board (the Board) denied the claim finding the claim was not timely filed. Home Depot appealed the Board’s decision to the district court and filed a motion for summary judgment asserting its claim was timely. A hearing to consider Home Depot’s motion for summary judgment was held. At the conclusion of the hearing on the motion for summary judgment, the district court stated, “It’s clear to the court that Home Depot failed to meet the timeliness requirements of LA R.S. 23:1378(B); therefore, the motion for summary |;¿judgment must be denied. And also, I see no reason not to affirm the Board’s ruling at this point and time.” The district court subsequently rendered a judgment denying the motion for summary judgment and a judgment affirming the Board’s decision. Home Depot appeals.
DISCUSSION
When an employee is injured while in the course and scope of employment, an employer or its insurer, generally, must *127 pay compensation benefits to the employee pursuant to La. R.S. 23:1031, et seq. However, to encourage the employment of individuals with preexisting disabilities, the Fund was established. La. R.S. 23:1371, et seq. When an employer knowingly hires or retains in its employment an employee with a preexisting disability and that employee becomes injured while in the course and scope of his latest employment, though an employer must pay compensation benefits to the employee, it can apply to the Fund for reimbursement for benefits paid to the employee. La. R.S. 23:1371; La. R.S. 23:1378.
The procedure for applying for reimbursement is set forth in La. R.S. 23:1378. Initially, notice to the Board by the employer or its insurer is required. The Board may hold hearings to determine if the employer is entitled to reimbursement from the Fund. The Board is to provide written notice of its decision to all parties.
Appellate review of a decision of the Board is governed by La. R.S. 23:1378 E, which provides, in pertinent part:
[T]he decision of the board shall be final; however, an appeal therefrom may be taken by any of the parties within thirty days after the date of the decision of the board.... The appeal shall be to the Nineteenth Judicial District Court, parish of East Baton Rouge. All appeals in all such cases shall be tried de novo.
14Pursuant to express statutory provisions governing the appeal of decisions of the Board, the review by the district court shall be by trial de novo. Black’s Law Dictionary 392 (5th ed.1979) defines the term de novo: “Anew; afresh; a second time.” A de novo trial is defined as “[t]rying a matter anew; the same as if it had not been heard before and as if no decision had been previously rendered.” Id. It is clear the statute contemplates an entire trial, from the beginning, wherein the whole case is retried as if there had been no prior trial. See Pardue v. Stephens, 558 So.2d 1149, 1159 (La.App. 1 Cir.1989).
Under the facts presented herein, we find the district court’s simultaneous consideration of Home Depot’s motion for summary judgment and the merits of Home Depot’s appeal for de novo review, and the subsequent rendition of judgments in this matter, constitutes reversible error. There was no opportunity for a trial anew.
Moreover, La. C.C.P. article 966 D provides:
The court shall hear and render judgment on the motion for summary judgment within a reasonable time, but in any event judgment on the motion shall be rendered at least ten days prior to trial.
In Lassere v. State, Department of Health & Hospitals, Office of Public Health, 2000-0306, p. 6 (La.App. 1 Cir. 3/28/01), 808 So.2d 513, 517, this Court stated the time limitation set forth in article 966 D is mandatory. In the instant matter, the judgment of the motion for summary judgment was not rendered at least ten days prior to trial.
CONCLUSION
Accordingly, we reverse the district court’s judgment affirming the Board’s decision, and we remand this matter for further proceedings. Costs 15of this appeal, in the amount of $1,238.62, are assessed against the Second Injury Board.
JUDGMENT REVERSED; REMANDED.