HUGHES, J.
 

 | gThis is an appeal from a judgment dismissing as prescribed an appeal from the Louisiana Workers’ Compensation Second Injury Board (“Board”). For the reasons that follow, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 In January of 2007 Travelers Indemnity Company (“Travelers”) filed a claim with the Board, based on benefits paid to its insured’s (Pediatric Services of America) employee, Mark Callahan, for an injury sustained in March of 2006 to his lower back. Mr. Callahan had suffered a back injury eight years previously. Travelers’ claim was filed by its representative, Elaine Landauer.
 

 After filing of the claim, attorney Brad Price (who later filed the petition for review on behalf of Travelers in the district court) corresponded with the Board, via Program Compliance Officer Michelle Sumrall, on several matters prior to hearing. On the date of the Board hearing on Travelers’ claim, Mr. Price arrived early and was informed by Ms. Sumrall that Travelers’ claim was going to be denied during the hearing that was scheduled for later in the day. Mr. Price then waived his appearance at the hearing. The Board thereafter mailed (on September 7, 2007) notice of its September 6, 2007 decision denying Travelers’ claim to Travelers’ representative, Elaine Landauer. The notice was received in Travelers’ New Orleans office on September 11, 2007. No notice of the Board’s decision was sent to Mr. Price.
 

 On October 29, 2007 Mr. Price filed an appeal of the Board decision on behalf of Travelers in the district court. On Janu
 
 *313
 
 ary 13, 2009 the Board filed an exception of prescription contending that Travelers failed to file its appeal within the thirty-day prescriptive period provided by LSA-R.S. |S23:1378(E). The district court sustained the objection and dismissed Travelers’ petition for review. Travelers has appealed to this court contending that the district court erred in dismissing its suit on the basis of prescription for the following reasons: (1) the Board violated the principle of mandate by failing to give proper notice to Travelers’ agent/representative; (2) the Board’s exception of prescription is barred by the doctrine of
 
 contra non valentem;
 
 (3) the Board’s participation in discovery was a tacit renunciation of any prescription defense; and (4) equity and lack of prejudice demand a denial of the Board’s exception of prescription.
 

 LAW AND ANALYSIS
 

 When an employee is injured while in the course and scope of employment, an employer or its insurer, generally, must pay compensation benefits to the employee pursuant to LSA-R.S. 23:1031, et seq. However, to encourage the employment of individuals with preexisting disabilities, the Workers’ Compensation Second Injury Fund (“Fund”) was established, in accordance with LSA-R.S. 23:1371, et seq. When an employer knowingly hires or retains in its employment an employee with a preexisting disability and that employee becomes injured while in the course and scope of his latest employment, though an employer must pay compensation benefits to the employee, it can apply to the Fund for reimbursement of benefits paid to the employee, pursuant to LSA-R.S. 23:1371 and LSA-R.S. 23:1378.
 
 Home Depot v. State Workers’ Compensation Second Injury Board,
 
 2005-0674, p. 3 (La.App. 1 Cir. 3/29/06), 934 So.2d 125, 126-27.
 

 The procedure for applying for reimbursement is set forth in LSA-R.S. 23:1378. Initially, notice to the Board by the employer or its insurer is required. The Board may hold hearings to determine if the employer is |4entitled to reimbursement from the Fund. The Board is to provide written notice of its decision to all “parties.” Appellate review of a decision of the Board is governed by LSA-R.S. 23:1378(E).
 
 Id.
 

 The notice provision of LSA-R.S. 23:1378(E) specifically states: “Written notice of the decision of the board shall be given to all
 
 parties to the hearing and the representatives designated by the party on the reimbursement form submitted to the
 
 board.”
 
 [1]
 
 (Emphasis added.)
 

 The first issue to be resolved is who are the “parties” entitled to notice. Guidance as to the interpretation of words and phrases contained in the Revised Statutes is provided by LSA-R.S. 1:3, which states:
 

 Words and phrases shall be read with their context and shall be construed according to the common and approved
 
 *314
 
 usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
 

 The word “shall” is mandatory and the word “may” is permissive.
 

 Title 40 of the Louisiana Administrative Code, Part III, § 105 provides definitions applicable to the Board, and states, in pertinent part: “By reference, all of the definitions set forth and contained in R.S. 49:950 through 49:966 [the Louisiana Administrative Procedure Act], inclusive, are incorporated herein....” The term “party” is defined by LSA-R.S. 49:951(4) as meaning “each person or agency named or admitted as a party, or properly seeking and entitled as of right to be admitted as a party.” As |,^provided in the Louisiana Code of Civil Procedure, a “party” is a plaintiff or a defendant in a lawsuit, as well as anyone joined by incidental demand.
 
 See
 
 LSA-C.C.P. arts. 641-821. Thus, we conclude the language of LSA-R.S. 23:1378(E) is clear that notice of the Board’s decision in an action “shall” be given to all “parties,” i.e. to all plaintiffs, defendants, and those joined by incidental demand.
 

 Notice is further required by LSA-R.S. 23:1378(E) to be given to “the representatives designated by the party on the reimbursement form submitted to the board.” However, since the only forms filed by Travelers with the Board, which are contained in the record on appeal, designate Elaine Landauer as Traveler’s representative, we must conclude that the Board fulfilled the requirements of LSA-R.S. 23:1378(E) in providing notice of its decision only to Ms. Landauer.
 

 We further note that LSA-R.S. 49:958 of the Louisiana Administrative Procedure Act, made applicable to the Board by Title 40 of the Louisiana Administrative Code, Part III, § 105 (as noted hereinabove), provides as follows:
 

 A final decision or order adverse to a party in an adjudication proceeding shall be in writing or stated in the record. A final decision shall include findings of fact and conclusions of law. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings. If, in accordance with agency rules, a party submitted proposed findings of fact, the decision shall include a ruling upon each proposed finding.
 
 Parties shall be notified either personally or by mail of any decision or order. Upon request, a copy of the decision or order shall be delivered or mailed forthwith to each party and to his attorney of record.
 
 The parties by written stipulation may waive, and the agency in the event there is
 
 no
 
 contest may eliminate, compliance with this Section. [Emphasis added.]
 

 | fiWhile LSA-R.S. 49:958 requires “parties” be notified of agency decision “either personally or by mail,” an attorney of record must be notified of the decision only “upon request.”
 

 We have examined the correspondence submitted to the Board by Mr. Price, appearing in the record on appeal, and have found no such request. In correspondence dated May 25, 2007, Mr. Price stated to the Board that he had been retained “on behalf of the employer, Pediatric Services of America, Inc., to represent its interest in the captioned matter.” Counsel further requested a formal hearing and stated that he would “appreciate your notifying me of the date and time of the formal hearing once it has been scheduled.”
 

 First, although Mr. Price filed the petition for review in the district court on behalf of Travelers, his correspondence to
 
 *315
 
 the Board did not make his representation of Travelers clear. Secondly, Mr. Price did not request notice of the Board’s decision, only notice of the date and time of hearing. Mr. Price’s subsequent correspondence to the Board (on June 15, 2007, July 25, 2007, and September 4, 2007) dealt only with discovery and evidentiary issues.
 

 Therefore, we find that Mr. Price did not establish that he requested notice of the Board’s decision, and therefore he did not meet the requirements for notice under the laws applicable to the Board.
 
 [2]
 

 Travelers further urges on appeal that prescription has been renounced, that the doctrine of
 
 contra non valentem
 
 prevented running of prescription, and that other equitable considerations required denial of the | ^Board’s plea of prescription. However, these arguments are inapplicable to the failure to timely file an appeal, which is a jurisdictional defect rather than a matter of prescription per se.
 

 The following discussion in
 
 Jim & Lu Enterprises, Inc. v. Alcoholic Beverage Control Bd. for the City of Baton Rouge and East Baton Rouge Parish,
 
 99-2907, pp. 4-5 (La.App. 1 Cir. 12/22/00), 778 So.2d 75, 78, illustrates this point:
 

 The question of timeliness of an appeal is jurisdictional and must be considered.
 
 McGee v. Jones,
 
 516 So.2d 1222, 1224 (La.App. 2 Cir.1987);
 
 Anderson v. City of Baton Rouge,
 
 381 So.2d 842 (La.App. 1 Cir.1980). An appellant’s failure to file a devolutive appeal timely is a jurisdictional defect in that neither the court of appeal nor any other court has the jurisdictional power and authority to reverse, revise, or modify a final judgment after the time for filing a devolu-tive appeal has elapsed.
 
 Baton Rouge Bank & Trust Co. v. Coleman,
 
 582 So.2d 191, 192 (La.1991) (emphasis omitted). Accordingly, when an appellant fails to timely file a devolutive appeal from a final judgment, the judgment acquires the authority of the thing adjudged, and the court of appeal has no jurisdiction to alter that judgment.
 
 Baton Rouge Bank & Trust Co., id. See also, Starnes v. Asplundh Tree Expert Co.,
 
 941647 (La.App. 1 Cir. 10/6/95), 670 So.2d 1242.
 

 A suit to have a liquor license revocation annulled can be considered an appeal, within the contemplation of the statute authorizing a devolutive appeal and trial de novo, notwithstanding a prayer for injunctive relief, where it is clear that the petitioner is aggrieved by a decision of a municipal governing body and desires to have the district court review proceedings which have been held before the board and which led up to the revocation of the permit.
 
 Felton v. Alcoholic Bev. Con. Bd. For Baton Rouge,
 
 278 So.2d 136, 137, (La.App. 1 Cir. 5/14/73) discussing
 
 Dauenhauer v. City of Gretna,
 
 93 So.2d 27 (La.App.Orl.Cir.1956). [Emphasis omitted.]
 

 Since the failure to timely file an appeal renders a reviewing court without jurisdiction to hear the appeal, the equitable considerations urged by Travelers cannot operate to revive a right to appeal that has expired. Thus, the district court correctly dismissed Travelers’ petition for review.
 

 
 *316
 
 ^CONCLUSION
 

 For the reasons assigned, we affirm the district court judgment favor of Louisiana Workers’ Compensation Second Injury Board, dismissing the petition for review filed by Travelers Indemnity Company. All costs of this appeal are to be borne by Travelers Indemnity Company.
 

 AFFIRMED.
 

 [1]
 

 . The full text of LSA-R.S. 23:1378(E) provides:
 

 Written notice of the decision of the board shall be given to all parties to the hearing and the representatives designated by the party on the reimbursement form submitted to the board. The decision of the board shall be final; however, an appeal therefrom may be taken by any of the parties within thirty days after the date of the decision of the board. If an appeal is taken, the board shall be made party defendant, and service and citation shall be made in accordance with applicable law upon the attorney general or one of his assistants. The appeal shall be to the Nineteenth Judicial District Court, parish of East Baton Rouge. All appeals in all such cases shall be tried de novo.
 

 [2]
 

 . We note that in contrast to the notice requirements placed on the Board, LSA-C.C.P. art. 1913(A) states, with respect to litigation in the courts of this state: "Except as otherwise provided by law, notice of the signing of a final judgment, including a partial final judgment under Article 1915, is required in all contested cases, and shall be mailed by the clerk of court
 
 to the counsel of record for each party, and to each party not represented by counsel.”
 
 (Emphasis added.)