ON REHEARING
Before WHIPPLE, C.J., McClendon, and Higginbotham, jj.
McClendon, j.
LThe Board has applied for rehearing in this matter, asserting that a prior opinion by this court in National Union Fire Ins. Co. v. Louisiana Workers’ Compensation Second Injury Bd., 14-0033 (La.App. 1 Cir. 9/19/14) (unpublished), 2014 WL 4667601, writ denied, 14-2068 (La.11/26/14), 152 So.3d 906, calls into question whether a motion for summary judgment is a proper procedural device in an appeal of a denial for reimbursement by the Second Injury Board.
At the outset, we note that the Board did not raise this objection in its appeal. However, for judicial economy and clarity, we deny the rehearing for the following reasons. See LSA-C.C.P. art. 2164.
Although the Board references a concurring opinion in the National Union Fire Ins. Co. case to question whether a motion for summary judgment can be utilized in an appeal of a Board decision,[1] we agree with the analysis by Judge Welch, the authoring judge, who stated:
While the appeal of the Board’s decision to the Nineteenth Judicial District Court is required to be by trial de novo, see La.R.S. |223:1378(E), summary judgment in such an appeal is appropriate when there are no genuine issues of material fact. That is because “[t]he summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by [La. C.C.P. art.] 969.” La. C.C.P. art. 966(A)(2). Since an appeal of a decision of the Board is not listed in La. C.C.P. art. 969 as one of the cases for which summary judgment cannot be granted, National Union was entitled to “move for summary judgment in [its] favor for all or part of the relief for which [it] has prayed.” See La. C.C.P. art. 966(A)(1).
14-0033 at p. 3, n. 5. Moreover, we note that a motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Naquin v. Louisiana Power & Light Co., 98-2270 (La.App. 1 Cir. 3/31/00), 768 So.2d 605, 607, writ denied, 00-1741 (La.9/15/00), 769 So.2d 546.
Further, both Judges Kuhn and Petti-grew in their respective concurring opinions in National Union Fire Ins. Co., 14-0033 at pp. 7-8, referenced this court’s prior decision in Home Depot v. State Workers’ Comp. Second Injury Bd., 05-0674 (La.App. 1 Cir. 3/29/06), 934 So.2d 125. In Home Depot, this court concluded that the motion for summary judgment filed therein was untimely on its face and that the district court erred when it simultaneously considered the employer’s motion for summary judgment, which it denied, and summarily affirmed the Board’s decision denying the employer’s claim. However, the issues raised in Home Depot are not present in the instant case insofar as there has been no challenge to the timeliness of National Union’s motion for summary judgment and both parties were given an adequate opportunity to respond.
*593 Accordingly, we decline to docket this matter for en banc consideration. For the foregoing reasons, we deny the Board’s application for rehearing and affirm our December 23, 2014 decision.
REHEARING DENIED WITH REASONS; JUDGMENT AFFIRMED.

. The concurrence stated: "I see no authorization for use of a motion for summary judgment in an appeal from a decision of the Board.” National Union Fire Ins. Co., 14-0033 at p. 8 (Pettigrew, J., Concurring).