# STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

### 2024 CA 0479

## PUFF IT UP, INC. D/B/A PUFF IT UP MINI MART

### VERSUS

## ALCOHOLIC BEVERAGE CONTROL BOARD FOR THE CITY OF BATON ROUGE/PARISH OF EAST BATON ROUGE

Judgment Rendered: **DEC 27 2024**

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. 739709

The Honorable Ronald R. Johnson, Judge Presiding

| | |
|---|---|
| Jill L. Craft<br>W. Brett Conrad, Jr.<br>Baton Rouge, Louisiana | Counsel for Plaintiff/Appellee,<br>Puff It Up, Inc. d/b/a Puff It Up<br>Mini Mart |
| Gregory R. Rome<br>Gwendolyn K. Brown<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellant,<br>City of Baton Rouge and Parish of East<br>Baton Rouge |

BEFORE: WOLFE, MILLER, AND GREENE, JJ.

**MILLER, J.**

The Defendant-Appellant, Alcoholic Beverage Control Board for the City of Baton Rouge/Parish of East Baton Rouge ("Board"), appeals a judgment of the district court granting an appeal and injunctive relief in favor of the Plaintiff-Appellee, Puff It Up, Inc. d/b/a Puff It Up Mini Mart ("Puff"). In doing so, the district court reversed the Board's revocation of Puff's temporary Class B liquor and beer permit and denial of Puff's permanent Class B liquor and beer permit, and ordered the Board to issue a Class B liquor and beer permit to Puff. For the following reasons, we dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

Galal Kassim is the owner of Puff, a small grocery store in Baton Rouge, Louisiana. On August 7, 2023, Mr. Kassim applied to the Board for a Class B beer and liquor license on behalf of Puff. Thereafter, the Board issued a temporary permit to sell beer and liquor to Mr. Kassim for Puff, which expired on October 12, 2023. On September 26, 2023, the councilman for the area Puff is located sent an email to the Board expressing his opposition to Puff receiving a permit. Thereafter, on October 17, 2023, by a five to one decision, the Board denied Puff's application for a permanent Class B beer and liquor license.

On October 20, 2023, Puff filed a "Petition for Devolutive Appeal and Injunctive Relief" against the Board. Puff sought the issuance of a temporary restraining order, preliminary injunction, and permanent injunction, enjoining the Board, its agents, employees, and assigns, from refusing to issue a Class B beer and liquor license, rescinding the temporary Class B beer and liquor license, and denying Puff's application for Class B beer and liquor license.[1] Puff also sought all other relief to which it was entitled.

_____

[1] We note that La. R.S. 26:305, titled "Interference by courts prohibited," provides:

2

After a hearing on November 2, 2023, the district court granted Puff's appeal and injunctive relief, reversed the Board's revocation of the temporary permit and denial of the permanent license, and ordered the Board to issue a permanent Class B liquor and beer permit to Puff. The judgment was signed on November 22, 2023. The Board appealed. On appeal, the Board contends the district court abused its discretion by reversing the Board's decision to deny Puff a permanent license and by ordering the Board to issue a permanent license to Puff.

## DISCUSSION

Parishes and municipalities may issue and require local permits similar to those issued by the commissioner[2] and may charge and collect fees therefor. La. R.S. 26:274(A)(1). Decisions of the local authorities in withholding permits are final and binding on all parties unless appealed in the manner provided in La. R.S. 26:303 and finally reversed by the courts. La. R.S. 26:302. Louisiana Revised Statutes 26:303 provides:

> A. Any party aggrieved by a decision of the commissioner to withhold, suspend, or revoke a permit or of the local authorities to withhold a permit may, within ten days of the notification of the decision, take a devolutive appeal to the district court having jurisdiction of the applicant's or permittee's place of business, proposed or actual, as the case may be. Such appeals shall be granted by the clerk of court on written petition together with a bond for costs. The appeals shall be tried de novo. Either party may amend and supplement his pleadings and additional witnesses may be called and heard.
>
> B. Within ten calendar days of the signing of the judgment by the district court in any such appeal cases, any aggrieved party may devolutively appeal the judgment to the appellate court of proper

---

In cases involving the withholding, suspending, or revoking of a permit under the provisions of this Part, the courts of this state have no jurisdiction to interfere in any manner or to issue restraining orders and writs of injunction restraining the commissioner, the local authorities, or the commissioner from proceeding under the provisions of this Part. The action of the commissioner or the local authorities in such cases shall not be enjoined or superseded by any court nor suspended or stayed during the pendency of appeals to the courts.

[2] "Commissioner" means the commissioner of alcohol and tobacco control who shall be the assistant secretary of the office of alcohol and tobacco control in the Department of Revenue, or his duly authorized agents. La. R.S. 26:241(7).

jurisdiction. These appeals shall be perfected in the manner provided for in civil cases but shall be devolutive in their nature and effect.

This ten-day delay for appeal is mirrored in the language of La. R.S. 33:4788, which provides, in pertinent part:

> Within ten calendar days from the signing of the judgment by the district court the municipality or parish governing authority, a municipal alcoholic beverage control board or the holder of the permit, as the case may be, may devolutively appeal from the judgment of the district court to the court of appeals as in ordinary civil cases.

The question of timeliness of an appeal is jurisdictional and must be considered. Jim & Lu Enterprises, Inc. v. Alcoholic Beverage Control Bd. for the City of Baton Rouge and East Baton Rouge Parish, 1999-2907 (La. App. 1st Cir. 12/22/00), 778 So. 2d 75, 78. An appellant's failure to file a devolutive appeal timely is a jurisdictional defect in that neither the court of appeal nor any other court has the jurisdictional power and authority to reverse, revise, or modify a final judgment after the time for filing a devolutive appeal has elapsed. Id. Accordingly, when an appellant fails to timely file a devolutive appeal from a final judgment, the judgment acquires the authority of the thing adjudged, and the court of appeal has no jurisdiction to alter that judgment. Id.

The district court judgment was signed on November 22, 2023. To timely appeal that judgment, the Board had ten calendar days from the signing of the judgment, which was December 4, 2023, to file its appeal. However, the Board did not file its appeal until December 21, 2023. Thus, the Board's appeal was untimely. We further note that the Board filed a suspensive appeal, but La. R.S. 26:303 and La. R.S. 33:4788 both specifically state that any aggrieved party may devolutively appeal the judgment to the appellate court. Therefore, since the Board failed to timely file a devolutive appeal from the final judgment, this court has no jurisdictional power or authority to reverse, revise, or modify the judgment.

4

**CONCLUSION**

For these reasons, the appeal of the November 22, 2023 judgment is dismissed. Costs of this appeal in the amount of $1,984.00 is assessed to Alcoholic Beverage Control Board for the City of Baton Rouge/Parish of East Baton Rouge.

**APPEAL DISMISSED.**